### JOSEPH COTULLA ET AL. V. THOMAS GOGGAN & BROS.
#### No. 6540.

1. **Attempt to Foreclose Lien in Justice Court upon Personal Property of Value over the Jurisdiction.**—It is well settled that in suits to enforce a lien upon personal property the value of the property determines the jurisdiction of the court; that if the Justice Court did not have jurisdiction of the case, the District Court acquired none by an appeal. If the Justice Court did not have jurisdiction by reason of the value of the property upon which the lien was sought to be enforced, the want of jurisdiction could not be cured in the District Court by an abandonment of the lien. Although plaintiff in the District Court may have dismissed so much of the action as sought to foreclose the lien, yet it was the right of defendant to rely upon the dilatory plea, and prove the value of the property, and thereby defeat the jurisdiction if the value exceeds the jurisdiction of the lower court.

2. **Same—Absence of Statement of Facts.**—In absence of a statement of facts it will be presumed that such testimony was introduced in the trial court as would support the judgment appealed from.

3. **Liability of Sureties on Appeal Bond in Justice Court.**—Revised Statutes, article 1639, provides that the bond on appeal from a judgment in a Justice Court shall be conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal. It renders the sureties liable for any judgment that might be rendered against the appellant, although the judgment may have been reduced on appeal.

4. **Conclusions of Fact—Practice.**—The failure of the trial judge to file his conclusions, etc., when requested, will not be revised on appeal in absence of a bill of exceptions bringing up the question.

APPEAL from Bexar. Tried below before Hon. Geo. H. Noonan.
The opinion states the case.

*Elias Edmonds,* for appellants.— 1. In a suit to foreclose a mortgage, the value of the property, as well as the amount of the debt, determines

the jurisdiction of the court.   Const., art. 5, sec. 19; Rev. Stats., arts. 1539, 1573; Smith v. Giles & Sheppard, 65 Texas, 341; Cameron & Co. v. Marshall, 65 Texas, 7; Dwyer v. Bassett & Bassett, 63 Texas, 274; Marshall v. Taylor, 7 Texas, 235; Lane v. Howard, 22 Texas, 7; Wills. Ct. App. C. C., sec. 542.

2.   If the Justice Court has no jurisdiction, the judgment was void, and the District Court could acquire none by appeal and should have sustained the plea to the jurisdiction and dismissed the case.   Sutherland v. De Leon, 1 Texas, 250; Davis v. Stewart, 4 Texas, 223; Wise v. O'Malley, 60 Texas, 588; Baker v. Chisholm, 3 Texas, 157; Neil v. The State, 43 Texas, 91; Chambers v. Hodges, 23 Texas, 104.

3.   After appeal taken and bond given plaintiff can not change the nature of his demand and release a security which he claimed and held in the court below to the injury of sureties on the appeal bond; the sureties being entitled to be subrogated to all the rights of the creditor against the principal debtor.   Jordan v. Hudson, 11 Texas, 82; Sublett v. McKinney, 19 Texas, 438; James v. Jacques, 26 Texas, 320; Mitchell v. De Witt, 25 Texas Supp., 180; Beck v. Tarrant, 61 Texas, 402; Fievel v. Zuber, 67 Texas, 275; 5 Wait's Act. and Def., sec. 19.

4.   The plaintiffs can not after appeal perfected render the obligation of sureties on appeal bond more onerous by releasing a lien on property held as security for his debt; can not even under such circumstances enter a remittitur.   Howe v. Merrill, 36 Texas, 319; Chrisman v. Davenport, 21 Texas, 483; Arnold v. Williams, 21 Texas, 413; Chadwick v. Meredith, 40 Texas, 380.

5.   The court erred in neglecting and refusing to give the conclusions of law and fact upon which his judgment was based, as requested by defendant.

No brief on file for appellees.

GAINES, ASSOCIATE JUSTICE.—This suit was instituted in a Justice Court by appellees to recover of appellant Cotulla a balance of $155.11 due upon a written contract, and to foreclose a mortgage upon a piano. In the Justice Court a plea to the jurisdiction was filed, in which it was alleged that the piano exceeded in value the sum of $200.   The plaintiffs having obtained judgment in the Justice Court for their debt and enforcing their lien upon the piano, the defendant appealed and gave an appeal bond, with his coappellants in this court as his sureties.   In the District Court plaintiffs again recovered a judgment for their debt, which was entered against all the obligors on the appeal bond, but which made no mention of the piano.   A motion for a new trial was made and overruled; but there is neither a statement of facts nor bill of exceptions in the record.

It is first claimed that the court erred in overruling the defendant's motion for a certiorari to the justice to send up a more complete transcript. of the proceedings in his court. We find no such motion in the record; nor do we find any ruling upon such a motion.

It is also insisted that the court erred in overruling the plea to the jurisdiction. It is well settled in this court that in suits to enforce a lien upon personal property the value of the property determines the jurisdiction of the court. Marshall v. Taylor, 7 Texas, 235; Lane v. Howard, 22 Texas, 7; Smith v. Giles, 65 Texas, 341. It is also clear that if the Justice Court did not have jurisdiction of the case the District Court acquired none by the appeal. Wise v. O'Malley, 60 Texas, 588; Neil v. The State, 43 Texas, 91. Also we are of opinion that if the Justice Court did not have jurisdiction by reason of the value of the property upon which the lien was sought to be enforced, the want of jurisdiction could not be cured in the District Court by an abandonment of the claim of lien; and that although plaintiffs may have dismissed in the District Court so much of their action as sought to enforce the mortgage, yet it was the right of the defendants to insist upon their dilatory plea and prove that the value of the piano exceeded $200, and thereby to defeat the jurisdiction and secure a dismissal of the suit. But appellants' difficulty is that the record does not show that any evidence was introduced or even offered in support of the plea. It does not appear that any action was taken upon the question of jurisdiction.

It is also claimed that the court erred in rendering judgment in favor of plaintiffs without proof of the cause of action. Without a statement of facts, we must presume that the proper evidence was introduced to warrant the judgment.

The appellants also complain that the court erred in rendering judgment against the sureties on the bond given for the appeal from the Justice Court. In so far as the plaintiffs failed in the District Court to enforce the lien claimed upon the piano, the defendant prosecuted his appeal to effect, and the question is whether in such a case the sureties on his appeal bond are bound to pay the judgment rendered against him. We are of opinion that the sureties on the bond were liable to pay the judgment. The condition of a bond for an appeal from a Justice Court prescribed by the Act of August 17, 1876, was "that the party appealing shall prosecute his appeal to effect, or shall pay and satisfy the judgment or decree that may be rendered against the obligors on such bond." Sec. 21, Laws 15th Leg., 163. This was changed by the Revised Statutes. Article 1639 provides that the bond shall be "conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal." The change from the disjunctive to the copulative conjunction in the condition of the bond which was required to be given shows, we think, that it was

the intention to alter the rule and to render the sureties on the bond liable for any judgment that might be rendered against the appellant, although the appeal may have been not wholly without effect.

It is also complained that the court erred in failing to file its conclusions of law and fact, upon the written request of appellants. The application is found in the record, but there is no bill of exceptions to the action of the court upon it. We are of opinion that this is a matter which must be brought before this court by an exception. It may frequently occur that a party who has filed his application for findings of law and fact may waive or withdraw it. Without a bill of exceptions, when the findings do not appear, we can not know that this has been done.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered April 18, 1890.