### THE AUSTIN REAL ESTATE AND ABSTRACT COMPANY v. G. A. BAHN.

#### No. 561.

**1. Jurisdiction in Error—Practice in Supreme Court.**

Application for writ of error in suit to foreclose a lien upon personal property; the record did not disclose the value of the property. *Held:*

1. The exclusive jurisdiction of the District Court and that of this court depended upon the value exceeding $1000.

2. In such case, it is proper for the appellate court to hear affidavits as to value, in order to determine the question of jurisdiction.

3. Action upon application suspended for reasonable time in order for applicant to file such affidavit ........................................ 583

**2. Extension of Time—Consideration.**

The trial court found, "that a few days after the note sued on became due and just before it was assigned to the plaintiff, N. E. Fain presented same to defendant for payment, when Stacy, as president of defendant company, requested that an extension of one week from that day be given on the note, and that the same be not placed in the hands of an attorney for collection until one week, and agreed if this was done that he would pay the note within that time." *Held*, that no consideration existed for the promise. Distinguished from Benson v. Phipps, ante, p. 578..................... 584

APPLICATION for writ of error to Court of Civil Appeals for Third District in an appeal from Travis County.

*Walton & Hill*, for application.—The agreement for extension of time on the note was supported by a good consideration, to wit, the undertaking to pay interest at the conventional rate on a demand which, by reason of usury as between the then parties, bore no interest, and would not after maturity bear more than the legal rate of interest, if any. 3 Am. and Eng. Encyc. of Law, 836; Krause v. Pope, 78 Texas, 484; Gilder v. Hearne, 79 Texas, 120.

Whether interest is a sufficient consideration for extension: McComb v. Kittridge, 14 Ohio, 348; Fawcett v. Freshwater, 31 Ohio St., 637; Pierce v. Goldbery, 31 Ind., 52; Chute v. Patterson, 37 Me., 102; Fowler v. Brooks, 13 N. H., 240; Keim v. Andrews, 59 Miss., 39.

That the husband had power to grant an extension: Rev. Stats., art. 2851.

GAINES, CHIEF JUSTICE.—This suit was brought in the District Court of Travis County to recover upon a note for $500 and attorney's fees, and to foreclose a lien upon personal property, the value of which does not appear in the transcript. If the County Court could have had jurisdiction of the case under the Constitution, this court is without jurisdiction to grant a writ of error. Whether the District Court had exclusive jurisdiction of the case or not depends upon the question, whether the value of the property upon which the lien is sought to be foreclosed exceeds the sum of $1000. Marshall v. Taylor, 7 Texas, 235; Smith v. Giles, 65 Texas, 341. In the petition for a foreclosure of the lien it was not necessary to allege the value of the property which was sought to be subjected to the payment of the debt; and it is probably for this reason that the transcript which accompanies the petition nowhere discloses what its value was at the time this suit was instituted. In a suit in which it is necessary neither to allege nor prove the value of the thing in controversy, it is proper for an appellate court to hear affidavits as to its value, in order to determine the question of its jurisdiction. Williams v. Kincaid, 4 Dall., 20; Town of Elgin v. Marshall, 106 U. S., 578. Therefore action upon the application will be suspended for a reasonable time, in order to afford the applicant the opportunity to file affidavits showing that the value of the property upon which the mortgage was sought to be foreclosed exceeds in value $1000.

Delivered February 11, 1895.

Application was refused March 11, 1895. A motion for rehearing was urged.

ON MOTION FOR REHEARING.

GAINES, CHIEF JUSTICE.—This is a motion for a rehearing of an application, based upon the ground that our ruling in this case is in conflict with that made in the case of Benson v. Phipps, recently decided in this court (ante, p. 578).

When the application now before us was filed, it was considered that it probably involved the same question which was raised in Benson v. Phipps, and upon which a writ of error had been granted. Action upon the application was accordingly suspended until that case was decided; and then it was discovered, that although the question of the validity of a promise for an extension of a contract of indebtedness was involved in each case, the two were clearly distinguishable. In this case, with reference to this question, the trial court found the facts as

follows: "That a few days after the note sued on became due, and just before it was assigned to the plaintiff, N. E. Fain presented same to the defendant for payment, when said Stacy, as president of defendant company, requested that an extension of one week from that date be given on said note, and that the same be not placed in the hands of attorney for collection until one week; and agreed, if this was done, that he would pay the note within that time," etc. Here the creditor agrees to extend for one week, and the debtor agrees to pay within the week. He does not agree that he will not pay until the end of the week, or that in case he does pay, he will pay interest for the entire period of the extension. Hence there was no consideration for the promise of the creditor. In Benson v. Phipps, the principal maker of the note and the payee agreed upon an extension for twelve months; from which the promise was implied on part of the former not to sue, and upon the latter not to pay within the stipulated time. The promise of the debtor to forego his right to pay at any time after the note was originally due, secured to the creditor the absolute right to receive the interest for the entire time of the extension, and constituted the consideration for the creditor's promise.

In the case before us, it was the right of the company to pay at any time, notwithstanding Fain's promise, and hence there was no consideration to support that promise.

The motion for a rehearing is overruled.

*Motion overruled.*

Delivered March 21, 1895.