THE STATE OF KANSAS v. FRANK DOUGLAS.

No. 13,747.    (77 Pac. 697.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE — *Review of Motion Denied.* The denial of a motion to require an election in a criminal case to be made more definite and certain will not be reviewed on appeal when the ruling was not brought to the attention of the district court by the motion for a new trial.

2. INTOXICATING LIQUORS — *Evidence Sufficient.* Evidence examined and found sufficient to sustain a conviction.

Appeal from Cherokee district court; W. B. GLASSE, judge. Opinion filed July 7, 1904. Affirmed.

*Al. F. Williams,* county attorney, and *H. C. Finch,* deputy county attorney, for The State.

*C. A. McNeill,* and *Jesse F. Wolfe,* for appellant.

The opinion of the court was delivered by

BURCH, J. : The defendant was convicted of selling intoxicating liquors contrary to law. At the conclusion of the state's evidence it was required to elect upon what transaction disclosed by the evidence it would rely for a conviction. It made an election which the defendant moved to have made more definite and certain. The court denied the motion, and error is assigned upon that ground. The ruling, however, was not brought to the attention of the district court by any specification of the motion for a new trial, and hence it cannot be reviewed.

The state elected to rely for a conviction upon sales made in the months of November and December, 1902, testified to by one D. McFadden. The defendant was convicted of a sale made December 11, 1902. McFadden testified in a very definite way to purchases of intoxicating liquor from the defendant. While in the defendant's place, which he called a bar-room, and which was fitted up with all the paraphernalia of a saloon, he called for beer, got what he called for of the defendant, paid the defendant for what he got, and drank it there. Some of these transactions, the witness said, occurred in November, but he declined to be certain as to the month ; indeed, his mind became so unequivocally and unalterably fixed upon the doubt and obscurity which rested like a pall over the matter of date that he admitted to defendant's counsel, on cross-examination, that he was sure he was not certain. The witness then testified in a very definite way to being at defendant's place at divers times in the month of December, to calling for beer, to the defendant's responding to his calls, and to drinking there at least more than twice in the month of December with a man named Scott ; but, after ransack-

-ing his recollection, he was hopelessly in doubt about paying for what he drank in December. It seems that when the elements of a sale flashed clear upon Mc-Fadden's clouded vision the date vanished, and that when time and place and beer and boon companions rose up before his mind's eye the vulgar price slunk into oblivion.

Scott's memory was sufficiently vivid with respect to transactions barred by the statute of limitations, but it was utterly unequal to the strain of reproducing recent occurrences, and the court sent him to a private room for a time to give him an opportunity to recuperate and to recall some facts relevant to the case on trial. . When placed upon the witness-stand a second time he admitted that he and McFadden had drunk together, but he could not say just where, although he was free to admit he had been in defendant's place and upon dubious dates had bought both beer and whisky of the defendant.

The jury saw and heard these witnesses. No doubt their demeanor while testifying made the truth apparent beyond any possibility of mistake. Again, the jury may have given credence to McFadden's testimony intended to make it doubtful if the sales which he remembered took place in November, and then reconciled the evidence upon the theory that those sales occurred in December. Other legitimate interpretations of the evidence inconsistent with the defendant's innocence might be made, and the verdict returned by the jury be well sustained by proof.

The defendant's motion for a continuance was properly overruled, because the affidavit in support of it offered nothing by way of evidence but a negative conclusion.

The judgment of the district court is affirmed.

All the Justices concurring.