STRICKLIN v. ARRINGTON & CARTER.

(Court of Civil Appeals of Texas. Ft. Worth. June 24, 1911. Rehearing Denied Nov. 4, 1911.)

1. APPEAL AND ERROR (§ 773*)—FAILURE TO FILE BRIEFS—DELAY.

On motion to dismiss an appeal for appellants' failure to file briefs, on the ground that the appeal was taken for delay only, the court will examine the entire record, and if any error appears the motion will be overruled, and the judgment reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104–3110; Dec. Dig. § 773.*]

2. APPEAL AND ERROR (§ 635*)—AMOUNT IN CONTROVERSY—JURISDICTION.

Where, in a suit in the county court to foreclose a chattel mortgage, the petition contained no allegation of the value of the property mortgaged, a judgment for plaintiff will be reversed on appeal for failure to show that the amount in controversy was within the trial court's jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2776–2778; Dec. Dig. § 635.*]

Appeal from Stonewall County Court; Ernest Herring, Judge.

Action by Arrington & Carter against W. H. Stricklin. Judgment for plaintiffs, and defendant appeals. Reversed.

A. H. Kirby, for appellant. J. M. Carter, W. J. Arrington, and Theodore Mack, for appellees.

DUNKLIN, J. W. J. Arrington and J. M. Carter recovered a judgment in the county court of Stonewall county against W. H. Stricklin for $603.35, with foreclosure of a mortgage lien on 5 horses and 25 head of cattle. In due time, defendant, Stricklin, perfected an appeal from the judgment, by giving a supersedeas bond in terms of the statute, and also filed assignments of error in the trial court, and has filed the transcript in this court, but he has failed to file briefs in this court, as required by the rules. Appellees have presented their motion, suggesting that it is apparent from the record that the appeal was for delay only, and requesting that the judgment of the trial court be affirmed, with 10 per cent. thereof added as damages for such delay.

[1] It is well settled that by reason of the motion the entire record must be noticed, and if any error appears the motion must be overruled, and the judgment must be reversed. The basis of plaintiffs' suit, as shown by their petition, was a promissory note in plaintiffs' favor, executed by defendant, in the principal sum of $500, drawing interest from date at the rate of 10 per cent. per annum, and secured by a chattel mortgage on the horses and cattle described in the judgment; but the petition contained no allegation of the value of the property embraced in the mortgage.

[2] In a suit to foreclose a mortgage on chattels, the amount in controversy is the alleged value of such chattels. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Railway v. Rucker, 38 Tex. Civ. App. 592, 88 S. W. 815; Smith v. Carroll, 28 Tex. Civ. App. 330, 66 S. W. 863. Tested by this rule, if the value of the property upon which plaintiffs sought a foreclosure had been alleged to be a sum in excess of $1,000, the petition would have showed that the county court was without jurisdiction to hear and determine the suit. In order for this court to affirm the judgment, it must affirmatively appear from the record that the county court had jurisdiction to render it, and, in the absence of such showing, the judgment should be reversed. Ware v. Clark, 125 S. W. 618, and decisions therein cited.

As there is no such affirmative showing of jurisdiction in the trial court, appellees' motion to affirm must be denied, and the judgment must be reversed and the cause remanded, and it is so ordered.