BATES v. HILL.

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1912.)

1. COSTS (§ 262*)—FRIVOLOUS APPEAL—DELAY—SEARCHING RECORD.

Where the plaintiff, who prevailed below, suggested that a writ of error was prosecuted only for delay, and asked an affirmance, with damages, the appellate court must look into the record to determine whether any grounds for appeal are presented, though no statement of facts or bill of exceptions appears in the record.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 998–1000; Dec. Dig. § 262.*]

2. APPEAL AND ERROR (§ 1166*)—AMOUNT IN CONTROVERSY — JURISDICTION OF LOWER COURT.

An appeal from a judgment of the county court foreclosing a chattel mortgage will be reversed, where the petition does not show that the value of the property in controversy is within the trial court's jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4527–4530; Dec. Dig. § 1166.*]

3. DISMISSAL AND NONSUIT (§ 25*)—PRIVILEGE OF DEFENDANT.

As the holder of a note jointly executed by two makers can sue either one of them alone, he may, having joined the two in one action, dismiss as to one who has sustained a plea of privilege, though the other maker has

---

set up a cross-action against the one pleading privilege.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 47–59; Dec. Dig. § 25.*]

4. CHATTEL MORTGAGES (§ 43*)—SECURITY.

A chattel mortgage, given to secure notes, is not invalid because bearing a date prior to the date of the notes.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 43.*]

Error from Walker County Court; W. A. Leigh, Judge.

Action by W. L. Hill against C. F. Bates and another. The last-named defendant's plea of privilege was sustained, and the action was dismissed as to him, and there was a judgment for plaintiff, to reveiew both of which judgments defendant brings error. Reversed and remanded, with directions as to judgment for plaintiff, and affirmed as to judgment of dismissal.

Dean, Humphrey & Powell, for plaintiff in error. Hill & Elkins, for defendant in error.

REESE, J. W. L. Hill instituted this suit in the county court of Walker county against C. F. Bates and F. F. Kitterman to recover the amount due on several promissory notes executed by C. F. Bates alone, and one executed jointly by Bates and Kitterman. The residence of both defendants was stated to be Harris county. It was alleged that by an instrument in writing, executed by Bates alone, he had promised to pay the notes in Walker county. It was further alleged that a certain bill of sale or conveyance of personal property, executed by Bates prior to the respective dates of the several notes, although an absolute conveyance on its face, was intended as a mortgage to secure the payment of the notes, and there was a prayer for foreclosure.

Bates answered plaintiff's petition by general demurrer and general denial. Kitterman, by both exception and plea, pleaded his privilege to be sued in the county of his residence. He also pleaded, subject to his plea of privilege, general denial, and further alleged that he had executed the note, alleged to have been executed by himself and Bates, as indorser, and had been discharged by failure to sue within the time provided by law. He further prayed that if judgment be rendered against defendants that the property upon which plaintiff has a lien be ordered to be first sold, and the proceeds prorated upon the several notes, and as to any balance left due on the note signed by him that ne be subrogated to the rights of the plaintiff in the judgment against Bates.

To this part of Kitterman's answer, Bates replied by an amended answer, renewing his general demurrer and general denial to plaintiff's petition, and, as against Kitterman, alleged that he had delivered to Kitterman certain vendor's lien notes to be hypothecated by him, and the proceeds, which were more than sufficient for the purpose, applied to the payment of the notes sued on; that Kitterman failed to hypothecate the notes, and withholds the same, and he prays judgment over against Kitterman for whatever amount may be adjudged against him.

The cause coming on to be heard, the judgment recites that the court announced that it would sustain Kitterman's plea of privilege; whereupon plaintiff dismissed his cause as against Kitterman. The case was then heard as to Bates without a jury, resulting in a judgment against him for $580.42, with foreclosure of the mortgage lien as prayed for, to which Bates excepted and gave notice of appeal. Following this, the judgment proceeds to adjudge that Kitterman be dismissed. Defendant Bates brings the case to this court by writ of error.

[1] No statement of facts nor bills of exceptions appear in the record. Appellee, in his brief, suggests that the writ of error is without merit, and is prosecuted purely for delay, and asks that the judgment be affirmed, with 10 per cent. damages. This requires this court to look into the record to determine whether any grounds for the appeal are presented. In addition to this, by supplemental brief, appellant calls our attention to the error apparent from the face of the record, in this: That there is no allegation in the petition as to the value of the personal property covered by the alleged mortgage which appellee seeks to foreclose, and that therefore it did not appear that the county court has jurisdiction to hear and determine the cause.

[2] Reference to the record sustains the statement of appellant that in the petition there is no allegation as to the value of the personal property covered by the mortgage which is sought to be foreclosed. The question arises, Was it necessary to the exercise of jurisdiction by the county court that the petition should have affirmatively shown that the value of this property was not more than $1,000? It seems to be thoroughly settled by our Supreme Court that the county court has not jurisdiction to foreclose a lien on personal property, the value of which is beyond its jurisdiction, though the amount of the debt sued for, and which is secured by the lien, is within its jurisdiction. Cotulla v. Goggan, 77 Tex. 34, 13 S. W. 742, and cases cited.

The precise question presented here was decided by the Ft. Worth Court of Civil Appeals, in the case of Stricklin v. Arrington & Carter, 141 S. W. 189. The court holds: "In order for this court to affirm the judgment, it must affirmatively appear from the record that the county court had jurisdiction to render it, and in the absence of such showing

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the judgment should be reversed." This is, we think, logically in consonance with the holding that, when a suit is instituted in the justice court and taken on appeal to the county court, on appeal from the judgment of the county court to the Court of Civil Appeals, the record must affirmatively show that the action originated in the justice court, and in the absence of which showing the court of Civil Appeals would not entertain jurisdiction. Ware v. Clark, 125 S. W. 618, and cases cited; Gregory v. G. & I. R. R. Co., 20 Tex. Civ. App. 272, 48 S. W. 888; Albritton v. Bank, 85 S. W. 1008.

In Stricklin v. Arrington, above cited, the judgment was reversed and the cause remanded on the same ground urged here by appellant—that the petition in the county court did not allege the value of the personal property covered · by the mortgage sought to be foreclosed. This ruling seems to be in line with the decision of our own courts, above referred to, and with the authorities elsewhere. It is stated in Encyclopædia of Pleading and Practice that, where the jurisdiction of the court depends upon the amount in controversy, the record must affirmatively show such amount, in order that the court may take jurisdiction. 1 Ency. Pl. & Pr. 716, and cases cited in note. The following cases seem to us, also, to support the doctrine: Booker v. Wisner, 65 Kan. 860, 70 Pac. 581; Hayden v. Steward (Kan.) 77 Pac. 697; Weil v. Pooch, 57 Pac. 1057;[1] Miller v. Glass, 14 Ill. App. 177; Fountain County v. Coats, 17 Ind. 150; Worsham v. Murchison, 66 Ga. 715.

The decision of the Supreme Court in Cotulla v. Goggan, supra, is not in conflict with this holding. In that case the objection to the jurisdiction did not arise upon the pleadings, but upon the evidence, and it was not shown by the record in the Supreme Court that any evidence was offered in support of the plea.

We conclude that the judgment, for the reasons indicated, cannot be affirmed, but must be reversed and remanded, in order that appellee may amend his petition, so as to show the value of the property. This is, we think, the proper course to be taken.

[3, 4] In view of another trial, we will dispose of the other assignments of error. We have carefully examined them, and the several propositions stated, and are of the opinion that they are without merit. Appellee had the right to sue appellant, Bates, alone, without joining Kitterman, and it was proper to allow him to take a nonsuit against him. He could not be deprived of this right by any cross-action set up by Bates against Kitterman. It does not appear that Bates insisted upon his right to prosecute said cross-action. He excepted to the judgment against him, but does not seem to have excepted to the judgment dismissing Kitterman, except in so far as it affected appellee's right to prosecute his case as against him. There is no merit in the objection that the mortgage bears a date prior to the notes. The several assignments of error are overruled.

The judgment as to Bates will be reversed, and the cause remanded, with instructions to the trial court to dismiss the case, unless, by proper amendment of his petition, appellee brings the case within the jurisdiction of the county court, as herein indicated. The judgment as to Kitterman is affirmed.

Reversed in part and affirmed in part.

───────

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 9 Kan. App. 883.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

