CANTRELL v. CAWYER et al.

(Court of Civil Appeals of Texas. Austin. Dec. 17, 1913.)

1. COURTS (§ 169*) — JURISDICTION — COUNTY COURT—PETITION—SUFFICIENCY.
A petition in an action in the county court, which shows that the amount sought to be recovered is within the jurisdiction of the court, and which seeks to foreclose a chattel mortgage on property, the value of which is not disclosed, states a cause of action within the jurisdiction of the court, in the absence of any suggestion of want of jurisdiction based on the value of the property.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

2. COURTS (§ 170*) — JURISDICTION — COUNTY COURT—PETITION—SUFFICIENCY.
Though the jurisdiction of the county court must appear on the face of the petition, yet, when it appears therefrom that the amount sought to be recovered is within the jurisdiction of the court, and no other fact is alleged from which it affirmatively appears that the court is without jurisdiction, the jurisdiction appears on the face of the petition.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

3. COURTS (§ 170*) — JURISDICTION — COUNTY COURT—OBJECTIONS TO JURISDICTION.
Where, in an action in the county court, the petition sought to recover an amount within the jurisdiction of the court, and sought to foreclose a chattel mortgage without disclosing the value of the property, the defendant to avail himself of the want of jurisdiction of the

court must allege and prove that the property was of value in excess of jurisdiction.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

4. COURTS (§ 169*) — JURISDICTION — COUNTY COURT — FORECLOSURE OF CHATTEL MORTGAGES.
Where, in an action in the county court for a money judgment within the jurisdiction of the court and for the foreclosure of chattel mortgages on horses and cotton of value in excess of the jurisdiction, the undisputed evidence showed that all of the cotton had been sold and delivered to the mortgagee prior to the action, and the court, without objection, submitted the issue of foreclosure only as to the horses worth about $225, the court had jurisdiction; for it must be assumed that plaintiff abandoned his suit in so far as it appertained to a foreclosure of the mortgage on the cotton.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

5. CHATTEL MORTGAGES (§ 110*)—DEBTS SECURED.
A mortgage executed to secure a note of $100 and a future indebtedness does not secure an indebtedness incurred after full settlement of the indebtedness contemplated by the parties when the mortgage was executed; for a mortgage is but an incident of the debt, and is extinguished when the debt is paid, and is not revived by a subsequent debt.
[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 192; Dec. Dig. § 110.*]

6. CHATTEL MORTGAGES (§ 241*) — RENEWAL NOTES—EFFECT.
The giving of a new note does not operate as an extinguishment of a debt evidenced by a prior note nor a cancellation of the mortgage securing it.
[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 503, 504; Dec. Dig. § 241.*]

Appeal from McCulloch County Court; Harvey Walker, Judge.

Action by John B. Cawyer and another against C. N. Cantrell. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

C. C. House and Sam McCallum, both of Brady, for appellant. J. E. Shropshire, of Brady, for appellees.

Findings of Fact.

JENKINS, J. On May 29, 1909, appellant executed to appellees a note for $100, payable 12 months after date. At that time appellant was not indebted to appellees. Appellant was a farmer, and appellees were merchants. The note was executed as a basis for credit to be extended to appellant by appellees for the year 1909, both parties estimating that $100 would be the extent of supplies that appellant would need to purchase from appellees during that time. The amounts and dates of appellant's purchases were not shown, but it was shown that he paid appellees on account as follows: September 23, 1909, $62.88; October 7, 1909, $33.43; October 14, 1909, $81.65; January 15, 1910, $50; total, $227.96. At the time of the execution

of said note, appellant, to secure the same, executed to appellees a mortgage on two horses, and two bales of cotton out of his 1909 crop. This mortgage recited that it was also intended to secure any other debt that he might thereafter owe appellees. On May 19, 1910, appellant executed another note to appellees for $325, due September 25, 1910, and also to secure the same a mortgage on the first ten bales of cotton picked out of his crop of 1910. At this time appellant was indebted to appellees in the sum of $225, and $100 was added to secure future indebtedness for the year 1910. Appellees alleged that said notes were unpaid, and prayed for the recovery of their debt, and for foreclosure of their mortgage lien on all of the property mentioned in said mortgages. Appellee answered that he had paid the $100 note in full, the last payment thereon being made on January 15, 1910, and also that he had paid the $325 note. There was judgment for appellees for $111.07, with foreclosure of the mortgage on the two horses.

### Opinion.

[1] 1. Appellant did not except to appellees' petition as not showing jurisdiction, nor allege that the property upon which the mortgage was sought to be foreclosed exceeded $1,000 in value; and the evidence did not show such fact. Neither did the appellant suggest the want of jurisdiction in his motion for a new trial, but he here insists that there was fundamental error in rendering judgment against him for that this was a suit to foreclose a mortgage on personal property, and the appellees' petition did not allege the value of such property. This contention is sustained by the decisions in Stricklin v. Arrington, 141 S. W. 189, Bates v. Hill, 144 S. W. 289, and Wilson v. Ford, 159 S. W. 73; but we decline to follow these decisions. We do not think they are sustained by authority or by sound reason. They cite in their support the cases of Cotulla v. Goggan, 77 Tex. 34, 13 S. W. 742, Ry. Co. v. Rucker, 38 Tex. Civ. App. 592, 88 S. W. 815, and Smith v. Carrol, 28 Tex. Civ. App. 330, 66 S. W. 863.

2. Cotulla v. Goggan, supra, was a suit in justice's court for $155.11, and to foreclose a mortgage on a piano, the value of which was not alleged by plaintiff. But the defendant plead to the jurisdiction of the court, alleging that the piano exceeded in value $200. Upon the trial of the case the district court, to which it was appealed, overruled this plea. In passing upon this point, the Supreme Court said: "It was the right of the defendants to insist upon their dilatory plea, and to prove that the value of the piano exceeded $200, *and thereby defeat the jurisdiction,* and secure a dismissal of the suit." (Italics ours.) If the suit should have been dismissed for the reason that the plaintiff had not alleged the value of the piano, there would have been no necessity for the defend-

ants' proving its value. Ry. Co. v. Rucker, supra, was a suit in justice court for $55.50, and to foreclose a lien on personal property of the alleged value of $900. Smith v. Carrol was a suit in justice court for $170, and to foreclose a lien on property of the value of $300. Under the authority of Cotulla v. Goggan, supra, it was properly held in the two cases above mentioned that the justice court was without jurisdiction to try them. The cases of Ware v. Clark, 125 S. W. 618, Gregory v. Ry. Co., 20 Tex. Civ. App. 272, 48 S. W. 888, and Albritton v. Bank, 85 S. W. 1008, cited in Bates v. Hill, supra, are not in point. Those cases were appeals from county courts. The record affirmatively showed that the amounts in controversy were less than $200, and no other fact appeared of record to show jurisdiction in the county court.

3. We think the honorable Courts of Civil Appeals for the First and Second districts fell into error in the cases of Stricklin v. Arrington, Bates v. Hill, and Wilson v. Ford, supra, in supposing that the Supreme Court meant to hold in Cotulla v. Goggan that the value of the mortgaged property *alone* determined the jurisdiction of the court. We do not so construe that decision. We think the proper construction is that given by this court in Walker v. Rainey, 154 S. W. 317, wherein we held that the jurisdiction would be determined by the value of the property upon which the lien was sought to be foreclosed, if such value was in excess of the jurisdiction of the court, otherwise it would be determined by the amount sued for.

[2] 4. It is true that the jurisdiction of the court must appear upon the face of the petition, but, when it appears therefrom that the amount sought to be recovered is within the jurisdiction of the court, and no other fact is alleged from which it affirmatively appears that the court is without jurisdiction to try the case, the jurisdiction of the court does appear upon the face of the petition.

[3] 5. While the failure of the petition to state the value of the property upon which a lien is sought to be foreclosed does not in itself, show a want of jurisdiction, it is the privilege of the defendant to allege that such property is of value in excess of the jurisdiction of the court, and if his proof sustains such allegation, the case must be dismissed. Cotulla v. Goggan, supra; Schwartz v. Frees, 31 S. W. 214.

[4] 6. The contention of appellant that this case should be dismissed for want of jurisdiction in the trial court must be overruled for another reason. The undisputed evidence shows that all of the cotton mentioned in the mortgages had been sold and delivered to appellees by appellant prior to the institution of this suit. Without objection of either party, the court submitted the issue of foreclosure only as to the horses, shown by the evidence to have been of the value of about

$225. Under these circumstances, it must be assumed that appellees abandoned their suit in so far as it appertained to a foreclosure of their mortgage on the cotton. No useful purpose could be served in reversing this case for want of jurisdiction, when it appears from the record that upon another trial the court would have jurisdiction to try the case.

[5] 7. Appellant assigns error upon the following portion of the charge of the court: "Now I charge you that the mortgage introduced in evidence of date May 29, 1909, if found to have been executed and delivered by defendant to plaintiff, would create a valid and legal lien in favor of plaintiffs to secure any indebtedness accruing thereafter in favor of plaintiffs. That the mortgage, if so executed in 1909, would create a valid lien against the horses therein described to secure the indebtedness, if any, accruing to the plaintiffs from the defendant during the years 1910 and 1911." The jury returned the following verdict: "We the jury find in favor of plaintiffs in the sum of $111.07, and we further find that said amount is secured by a valid lien on the horses described in the mortgage given in 1909, and we hereby find in favor of foreclosing the said lien." Judgment was entered in accordance with the verdict. This assignment must be sustained. Both appellant and appellees testified that the note and mortgage of 1909 was given to secure the anticipated indebtedness of appellant to appellees for the year 1909. Appellant testified that when he made the $50 payment on January 15, 1910, such payment settled in full all of his indebtedness to appellees, and that he then asked for his $100 note, and that a member of appellees' firm told him that it had been misplaced, but that he would look it up and deliver it to him. If this be true, and appellant thereafter, on a different contract, became indebted to appellees, the fact that the mortgage provided that it should secure future indebtedness would not constitute it a mortgage as to indebtedness incurred after a full settlement of all indebtedness contemplated by the parties when such mortgage was executed. A mortgage is but an incident of a debt, and when the debt is paid the mortgage is extinguished; and, when once extinguished, it is not revived by a subsequent debt, not in contemplation of the parties when the mortgage was executed. This is in accordance with the terms of the mortgage in this case, which provides that, upon the payment by the mortgagor of all of his indebtedness to the mortgagees, the mortgage was to become void.

[6] 8. On the other hand, one of the appellees, the bookkeeper, testified that after giving appellant credit for all of his payments he still owed the $100 note in addition to a considerable amount on the subsequent indebtedness. If this be true, appellees were entitled to a foreclosure of their mortgage on the horses.

9. Appellant contends that if he did not pay off said note prior to May 15, 1910, that the amount due thereon, as well as any other amount that he might have been owing prior to that time, was included in the note for $325 which he then gave, and that by giving said note he thereby paid the $100 note and all indebtedness accruing on the 1909 transactions, to secure which the mortgage was given. The giving of a new note did not operate as an extinguishment of the debt, nor a cancellation of the mortgage. Type Founder Co. v. First Natl. Bank of Teague, 156 S. W. 300.

For the error in the charge of the court as above indicated, the judgment herein is reversed, and the cause remanded.

Reversed and remanded.