LUSK v. HARDIN.    (No. 8164.)

(Court of Civil Appeals of Texas. Ft. Worth. April 17, 1915.)

COURTS ⊂⊃170—COUNTY COURT—PETITION—ALLEGATION OF JURISDICTIONAL AMOUNT—NECESSITY.

Failure of petition in county court for foreclosure of a chattel mortgage, to allege the value of the mortgaged chattels, so as to show that the amount involved was within the court's jurisdiction, was a fatal defect.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ⊂⊃170.]

Error from Comanche County Court; J. H. McMillan, Judge.

Action by H. H. Hardin against C. W. Lusk. Judgment for plaintiff, and defendant brings error. Reversed, and cause remanded.

Kearby & Kearby, of Comanche, for plaintiff in error. Smith & Palmer, of Comanche, for defendant in error.

BUCK, J. Plaintiff filed suit in the county court of Comanche county on a promissory note alleged to have been executed by defendant in the sum of $220.85 with interest and attorney's fees, and an open account in the sum of $69.40, alleging that to secure the payment of the above note a chattel mortgage was retained upon certain described property consisting of horses, cows, a wagon, and phaeton; but the petition failed to allege the value of such property upon which the mortgage was retained. Judgment was rendered for plaintiff for the amount sued for, and in the judgment it was recited that:

"The defendant through his counsel having formerly withdrawn the answer heretofore by him filed in this case, and the defendant making no further appearance," etc.

No statement of facts appears in the record, and the defendant in error has filed no brief.

The plaintiff in error's first and only assignment, which is adopted as a proposition, is as follows:

"The court erred in entertaining jurisdiction of this cause and rendering judgment for the plaintiff for any amount, because it appears from the petition upon which judgment was rendered that this was a suit in the county court, upon a note and account, and for the foreclosure of an alleged mortgage lien upon certain personal property described in plaintiff's petition and in the judgment of the court, and the said petition does not

affirmatively show that the county court had jurisdiction of the subject-matter of said suit, and that it failed to allege the value of the mortgaged property against which foreclosure is prayed."

We believe this specification must be sustained. Under the great weight of authority upon this point in this state, the absence of an affirmative allegation in the petition showing that the trial court had jurisdiction constitutes fundamental error, and the value of the property upon which a mortgage lien has been retained and upon which a foreclosure of said lien is sought determines the question of jurisdiction vel non of the trial court, that is, the amount in controversy is the alleged value of the chattels upon which a foreclosure is prayed. Stricklin v. Arrington & Carter, 141 S. W. 189; Bates v. Hill, 144 S. W. 288; Ware v. Clark, 125 S. W. 618; Walker Merc. Co. v. J. R. Raney Co., 154 S. W. 317; Wilson v. Ford, 159 S. W. 73; Edwards v. Dennington, 161 S. W. 929; Randals v. Bank et al., 162 S. W. 1190; Brown v. March, 149 S. W. 353. In a suit to foreclose a mortgage on chattels, the amount in controversy is the alleged value of such chattels. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Railway Co. v. Rucker, 38 Tex. Civ. App. 592, 88 S. W. 815; Smith v. Carroll, 28 Tex. Civ. App. 330, 66 S. W. 863. Tested by this rule, if the value of the property upon which plaintiff sought a foreclosure had been alleged to be a sum in excess of $1,000, the petition would have showed that the county court was without jurisdiction to hear and determine the suit. As was said in the case of Stricklin v. Arrington & Carter, supra, by this court, speaking through Mr. Justice Dunklin:

"In order for this court to affirm the judgment, it must affirmatively appear from the record that the county court had jurisdiction to render it, and, in the absence of such showing, the judgment should be reversed."

In the case of Cantrell v. Cawyer, 162 S. W. 919, the Court of Appeals for the Third District, speaking through Justice Jenkins, holds that where a petition in an action in the county court shows that the amount sought to be recovered is within the jurisdiction of the court, and seeks to foreclose a chattel mortgage on property, the value of which is not disclosed, such petition states a cause of action within the jurisdiction of the court, in the absence of any suggestion of want of jurisdiction based on the value of the property, and declines to follow the holdings to the contrary by this court and that of the First district. While we appreciate the plausibility of the reasoning and argument used by Justice Jenkins in the case mentioned, and as an original proposition, we would, as applied to this case, be very much inclined to the conclusions reached in the opinion by him; yet we have, nevertheless, felt constrained by the authorities before cited to refuse to follow it. The case of Ran-

dals v. Bank, supra, is by the Court of Appeals for the Eighth District, and is in harmony with the authorities cited from the Second and First districts.

For the reasons above indicated the judgment of the trial court is reversed and the cause remanded.