REEVES v. FARIS. (No. 5670.)

(Court of Civil Appeals of Texas. San Antonio. May 10, 1916. Rehearing Denied June 7, 1916.)

1. COURTS ⪪169(2)—LIMITED JURISDICTION— AMOUNT IN CONTROVERSY.

In a suit on a note and to foreclose a chattel mortgage, the jurisdiction of the county court is determined by the alleged value of the chattels upon which foreclosure is desired, not by the amount of the debt sought to be collected.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 415, 429–436, 458; Dec. Dig. ⪪169(2).]

2. COURTS ⪪170 — LIMITED JURISDICTION — COUNTY COURT—PETITION.

In a suit in county court on a note for $150 and to foreclose a chattel mortgage, the failure to allege the value of the property on which foreclosure is sought, since it might not have been within the court's jurisdiction, was fatal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ⪪170.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by E. E. Faris against J. A. Reeves. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

McCollum Burnett, of San Antonio, for appellant. Taliaferro, Cunningham & Birkhead and Joseph A. McCaleb, all of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover on a note for $150 and foreclose a mortgage lien on four horses, one mule, three cows and calves, and a bale of cotton. The cause was tried by the court, and judgment rendered for $280.74, principal, interest, and attorney's fees.

[1] The amount sued for is alleged to be $150, with interest and attorneys' fees, but the value of the horses, mule, cows, and calves and bale of cotton upon which it is sought to foreclose the mortgage lien is not disclosed by the petition, and it may have been more than $1,000. It is the value of the property upon which it is sought to foreclose the lien which fixes the jurisdiction of the county court, and not the amount of the debt sought to be collected. The amount in controversy is the alleged value of the chattels upon which a foreclosure is desired. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742.

[2] The failure to allege the value of the property was the failure to allege a matter that fixed the jurisdiction of the county court and constituted fundamental error. This is the tenor of the overwhelming weight of authority in Texas. Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Stricklin v. Arrington, 141 S. W. 189; Walker v. Raney, 154 S. W. 317; Wilson v. Ford, 159 S. W. 73; Marshal v. Stowers, 167 S. W. 230; Richardson v. Hethcock, 173 S. W. 1006; Lusk v. Hardin, 176 S. W. 787.

The case of Austin Real Estate Company v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430, does not conflict with the holding in the cases cited, as has been clearly and conclusively shown by Judge Key in the cited case of Walker v. Raney. After discussing jurisdiction as applied to the county court in this class of cases, it was held:

"However, when a suit is brought in the district court, and the amount of the debt exceeds $500, it is not necessary for the pleadings to allege the value of the mortgaged property, because there is no maximum limit to the jurisdiction of that court. This, in effect, was held by the Supreme Court in Real Estate & Abstract Co. v. Bahn, 87 Tex. 582 [29 S. W. 646, 30 S. W. 430], which is relied on by counsel for appellee in this case in support of the contention that it was not necessary for the plaintiff in this case to allege the value of the mortgaged property; but the cases are not analogous. * * * That case is no authority for the contention that in all cases no necessity exists for alleging the value of the mortgaged property; but it is authority for the proposition heretofore asserted by us to the effect that, if the value of the mortgaged property be less than the amount of the debt, then the latter, and not the former, should control in determining the question of jurisdiction."

There is but one decision in Texas which differs from the cases cited, and that was rendered by a court which rendered the decision from which we have quoted last, and which is in conflict with every decision in Texas on the subject, both of the Supreme Court and the different Courts of Civil Appeals. If the failure to allege the value of the stock was fundamental, as our courts hold, then it is a matter that can be raised at any time in the trial or appellate court.

In this case the suit is for a debt of $150, a sum of which the county court does not have jurisdiction, and, unless the animals on which the foreclosure is sought are not of greater value than $200, the county court

did not have jurisdiction. So, if the animals were worth more than $1,000 or less than $200, the county court was without jurisdiction to try the cause, and we are left completely in the dark by the allegations of the petition as to the value of the animals.

The judgment is reversed, and the cause remanded.

---

⊕⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes