PEOPLE'S ICE CO. v. PHARISS et al. (No. 1342.)

(Court of Civil Appeals of Texas. Amarillo. April 24, 1918.)

1. APPEAL AND ERROR ⬿193(5) — FORECLOSURE.

In suit to foreclose chattel mortgage, failure to allege the value of the property mortgaged to secure the debt is fundamental error apparent of record, requiring reversal, whether or not there was an exception, plea, or other objection to the petition on that ground in the court below.

2. COURTS ⬿170—PLEADING—"AMOUNT IN CONTROVERSY."

Where petition seeking foreclosure of chattel mortgage alleged that a third person set up some claim to the property, the value of the property, and not the debt due from mortgagor to mortgagee, was the "amount in controversy"; and, if such value was not alleged, the petition did not affirmatively show jurisdiction as to the third person.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

Appeal from Wichita County Court; Harvey Harris, Judge.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. N. C. Phariss and others against W. F. McKown and the People's Ice Company. From judgment for plaintiffs, the Ice Company appeals. Reversed and remanded.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellant. S. O. Jones, of Wichita Falls, for appellees.

HUFF, C. J. The appellees acquiesce in the statement made by appellant under its proposition, which we adopt:

"The plaintiff's petition in this case, which was filed on August 31, 1916, sought to recover a judgment against W. F. McKown, upon a promissory note executed by him dated the 21st day of February, 1916, by which the said McKown promised to pay to the plaintiff the sum of $200, said note being due six months after date and bearing interest at the rate of 10 per cent. per annum and providing for 10 per cent. additional as attorney's fees if sued on or placed in the hands of an attorney for collection, * * * The plaintiff alleged that the note had been placed in the hands of an attorney for collection, and sought a judgment for the amount of the note, for interest, and attorney's fees. The plaintiff also alleged that in order to secure said note W. F. McKown had executed a chattel mortgage upon the following described personal property situated in Wichita Falls, in Wichita county, Tex., to wit: One electric pump, two roller top desks, one fireproof safe, and all shelving, paneling, and wooden partition in said building. The plaintiff alleged that the People's Ice Company was setting up a claim to said property, and sought a foreclosure of said chattel mortgage, both as against McKown and the People's Ice Company. On the 5th day of December, 1916, the court rendered a judgment by default as shown by the record against W. F. McKown for the amount of the note, including interest and attorney's fees, and also rendered a judgment foreclosing the chattel mortgage lien against W. F. McKown and the People's Ice Company. The plaintiff's petition above referred to nowhere alleged the value of the personal property upon which a foreclosure of the chattel mortgage was sought, and nowhere alleged, as will appear from said petition, the value of any item of said personal property. In fact, the petition makes no mention whatever of the value of said property."

The appellant's only assignment is that the court erred in rendering judgment because it did not appear from the petition of plaintiff affirmatively that the court had jurisdiction of the cause, in that it sought to foreclose a chattel mortgage lien upon certain property without alleging its value. The suit was instituted in the county court.

[1] Since it is established by the Supreme Court of this state from Marshal v. Taylor, 7 Tex. 235, down, that the matter in controversy is not only the debt, but the value of the property covered by the mortgage given to secure its payment, and that the foreclosure proceedings comprehends as well the subject-matter of the mortgage as the debt, all the Courts of Civil Appeals passing upon the subject hold that it is necessary to allege the value of the property upon which foreclosure is sought. However, the holding of the Supreme Court has been questioned by Judge Williams, while on the Court of Civil Appeals, in a well-considered opinion, where-

in he cites the various decisions up to that time. Lawson v. Lynch, 9 Tex. Civ. App. 582, 29 S. W. 1128. The holdings now are to the effect that a failure to allege the value of the property mortgaged to secure the debt is fundamental error apparent of record, requiring reversal, whether or not there was an exception, plea, or other objection to the petition on that ground in the court below. Stricklin v. Arrington, 141 S. W. 189; Bates v. Hill, 144 S. W. 289; Marshall v. Stowers Furniture Co., 167 S. W. 230; Wilson v. Ford, 159 S. W. 73; Randals v. Bank, 162 S. W. 1190; Walker v. Raney, 154 S. W. 317; Brown v. March, 149 S. W. 353; Style v. Lantrip, 171 S. W. 786; Richardson v. Hethcock, 173 S. W. 1006; Lusk v. Hardin, 176 S. W. 787; Reeves v. Faris, 186 S. W. 772; Bush v. Campbell, 201 S. W. 1055. The case of Mangaham v. Buffalo-Pitts Co., 131 S. W. 1196, as we read it, does not hold to the contrary, but expressly holds that good pleading requires that the value of the mortgaged property should be alleged. The court in that case declined to pass upon the question whether it could be considered upon an appeal without a demurrer or plea in the lower court, for the reason that the case was reversed upon other grounds. The case of Walker v. Ramsey, supra, has apparently been cited as holding to the contrary. It will be found upon reading that case that it cites with approval Stricklin v. Arrington, supra, and, as pointed out in Reeves v. Faris, supra, is distinguished from Austin v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430. In the case of Style v. Lantrip, 171 S. W. 786, in considering the necessity of alleging the value of the property for which a receiver was applied, Mr. Justice Hodges cited the Stricklin Case and others, and said:

"It is not only essential that the petition should state grounds calling for the appointment of the receiver to take charge of the property involved in the litigation, but it should also show upon its face an independent cause of action within the jurisdiction of the court. It should show that the subject-matter or amount in controversy is within the court's jurisdiction."

Among other citations that case refers to Smith v. Horton, 92 Tex. 21, 46 S. W. 627. In the latter case the Supreme Court, speaking through Judge Gaines, said, with reference to jurisdiction and the amount in controversy as to injunctions where the value was not specifically alleged:

"The value of the property not appearing by averment in the petition, it may be that it was worth between $200 and $1,000. If so, the county court would have had jurisdiction of the case, and power to grant the writ of injunction. It follows that it does not appear affirmatively from the petition that the district court had exclusive jurisdiction of the controversy. We, therefore, incline to the opinion that we have no jurisdiction to grant the writ of error."

The only case holding to the contrary which we have been able to find is Cantrell v. Cawyer, 162 S. W. 920. That case is in conflict with all the other cases above cited. We must therefore hold the rule to be set-

tled otherwise. We may say, however, that the reasoning in the Cantrell Case by Judge Jenkins appeals to us, but no good purpose can be subserved by following it in this case. Certainly in the interest of good pleading the value of the property should be required to be alleged.

[2] The petition also avers that appellant was setting up some claim to the property upon which it was sought to foreclose the lien. As between appellant and appellee Phariss the subject-matter of the suit was the mortgaged property, and the petition for writ of error brings up for review the judgment on that controversy. The value of the property was therefore the amount in controversy between them. The debt due Phariss by McKown was not the amount in controversy between appellant and Phariss, and for that reason, if for no other, the petition did not show affirmatively jurisdiction as to the amount in controversy between appellant and Phariss. Fisher v. Bogarth, 2 Willson, Civ. Cas. Ct. §§ 120, 121.

The judgment will be reversed, and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes