TANT v. BALDWIN PIANO CO.   (No. 513.)

(Court of Civil Appeals of Texas.   Beaumont. Dec. 11, 1919.)

COURTS ⬥170—AMOUNT IN CONTROVERSY GIVING JURISDICTION TO COUNTY COURT MUST APPEAR IN PETITION.

The county court being a court of limited jurisdiction, it must affirmatively appear that the amount sued for is within the jurisdiction of the court, and defendant's general demurrer should have been sustained in an action by a piano company asking for judgment on promissory notes aggregating $300 and to foreclose a chattel mortgage lien on a piano given to secure the payment of the note, where the value of the piano was not stated by plaintiff in his petition.

Appeal from Hardin County Court; J. M. Combs, Judge.

Suit by the Baldwin Piano Company against S. D. Tant. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

S. D. Tant, of Sour Lake, for appellant.
B. L. Aycock, of Kountze, for appellee.

WALKER, J. This was a suit brought in the county court of Hardin county, Tex., by Baldwin Piano Company, as plaintiff, against appellant here, as defendant, asking for judgment on two certain promissory notes, aggregating about $300, and to foreclose a chattel mortgage lien on a piano given to secure the payment of the notes. The value of the piano was not stated by plaintiff in his petition. Appellant answered by general demurrer and general denial. Judgment was rendered against appellant for the amount of the notes, and foreclosing a mortgage lien on the piano. From this judgment he has appealed, assigning error on the part of the court in overruling his general demurrer, his proposition in effect being "that, the county court, being a court of limited jurisdiction, it must affirmatiely appear that the amount sued for is within the jurisdiction of the court." This assignment is sustained. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Railway Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Stricklin v. Arrington, 141 S. W. 189; Bates v. Hill, 144 S. W. 288; Wilson v. Ford, 159 S. W. 73; Randals v. Bank, 162 S. W. 1190.

In Stricklin v. Arrington, supra, the court said:

"In a suit to foreclose a mortgage on chattels, the amount in controversy is the alleged value of such chattels. * * * Tested by this rule, if the value of the property upon which plaintiffs sought a foreclosure had been alleged to be a sum in excess of $1,000, the petition would have shown that the county court was without jurisdiction to hear and determine the suit. In order for this court to affirm the judgment, it must affirmatively appear from the record that the county court had jurisdiction to render it, and, in the absence of such showing, the judgment should be reversed. Ware v. Clark [58 Tex. Civ. App. 356] 125 S. W. 618, and decisions therein cited."

For the error in overruling the general demurrer, this cause is reversed, and remanded for a new trial, with leave to appellee to amend his petition.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes