## SMART v. BANK OF LOGANSPORT, LA.
(No. 923.)

(Court of Civil Appeals of Texas. Beaumont March 16, 1923.)

Courts &#9410;170—Petition on promissory note and for foreclosure not alleging value of property shows no jurisdiction in county court.

The county court being a court of limited jurisdiction, it must affirmatively appear from plaintiff's petition that the amount sued for is within the jurisdiction of the court; and, where a complaint on a promissory note for the sum of $400 seeks to foreclose a mortgage lien without alleging the value of the property upon which foreclosure is sought, no jurisdiction is shown.

Error from Panola County Court; A. D. Nelson, Judge.

Action by the Bank of Logansport, La., against M. B. Smart. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

H. N. Nelson, of Carthage, for plaintiff in error.

Woolworth & Duran, of Carthage, for defendant in error.

O'QUINN, J. This suit was brought in the county court of Panola county, Tex., by defendant in error, the Bank of Logansport of Louisiana, against M. B. Smart, plaintiff in error, asking for judgment on a promissory note for the sum of $400, and to foreclose a mortgage lien on a one-half interest in a sawmill situated in Panola county, Tex., two mules, one mare, and a half interest in all the timber owned by M. B. Smart and J. M. Shahan.

Plaintiff in error was duly cited to appear and answer, but wholly made default, and judgment was rendered against him on the note and for foreclosure of the mortgage lien on the property named in the mortgage. From this judgment he prosecutes this writ of error.

Plaintiff in error presents several propositions all to the effect that the county court being a court of limited jurisdiction, it must affirmatively appear from plaintiff's petition that the amount sued for is within the jurisdiction of the court, and that there being no allegations in plaintiff's petition as to the value of the property upon which foreclosure of the mortgage lien was sought, the court erred in rendering judgment.

The assignment is sustained. There is no allegation as to the value of the property upon which the mortgage rests, and for which foreclosure is asked. This was necessary to show that the court had jurisdiction. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Bates v. Hill (Tex. Civ. App.) 144 S. W. 288; Randals v. Bank (Tex. Civ. App.) 162 S. W. 1190; Tant v. Piano Co. (Tex. Civ. App.) 217 S. W. 239; Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189.

The judgment is reversed and the cause remanded.