### McKEE v. LE FORS.    (No. 7043.)

(Court of Civil Appeals of Texas. San Antonio. June 29, 1923.)

1. Courts 169(2)—Value of mortgaged chattels and not amount of debt controls jurisdiction to foreclose mortgage.

The jurisdiction of the county court to foreclose a mortgage on chattels is governed by the value of the chattels and not the amount of the debt secured by the mortgage.

2. Courts 170—Petition in county court to foreclose chattel mortgage must allege value of chattels.

A petition in the county court to foreclose a mortgage on personal property must allege the value of the property mortgaged to be less than $1,000, it being insufficient to allege that the amount of the indebtedness secured thereby is less than $1,000.

Appeal from San Patricio County Court; J. C. Houts, Judge.

Action by Rufe Le Fors against A. L. McKee, to recover on a promissory note and

foreclose a chattel mortgage lien. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

Jas. G. Cook, of Sinton, for appellant.
J. C. Russell, of Sinton, for appellee.

FLY, C. J. Defendant in error sued to recover in the county court on a promissory note for $1,200, executed by plaintiff in error, the same being reduced by payments to $938.30, and also sought to foreclose a mortgage lien on certain personal property given to secure the debt. Judgment by default was taken for the debt and a foreclosure of the lien. The petition fails to give the value of the mortgaged property.

[1, 2] The pleadings failed to show that the county court had jurisdiction, on account of a failure to allege the value of the property. It has been held, in a number of instances, that in cases of this character the value of the mortgaged property fixes the jurisdiction of the court and a failure to allege it, even though the debt is within the jurisdiction of the court, leaves the court without jurisdiction. The mortgaged property may have been of a value in excess of $1,000, and it might be presumed that it was of a value in excess of $1,000, because the mortgage was given to secure a debt of $1,200. However that may be, a failure to allege the value of the mortgaged property was a failure to show jurisdiction in the court, and it had no power or authority to render a judgment. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; Walker v. Raney (Tex. Civ. App.) 154 S. W. 317; Wilson v. Ford (Tex. Civ. App.) 159 S. W. 73; Marshall v. Stowers (Tex. Civ. App.) 167 S. W. 230; Richardson v. Hethcock (Tex. Civ. App.) 173 S. W. 1006; Lusk v. Hardin (Tex. Civ. App.) 176 S. W. 787; Reeves v. Faris (Tex. Civ. App.) 186 S. W. 772; Jackson v. Sere (Tex. Civ. App.) 198 S. W. 604; Bush v. Campbell (Tex. Civ. App.) 201 S. W. 1055; Tant v. Baldwin Piano Co. (Tex. Civ. App.) 217 S. W. 239; Childress Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143; Huff v. McDonald (Tex. Civ. App.) 239 S. W. 365.

It is the established rule in Texas that, the county court having only limited jurisdiction, when a foreclosure of a lien is sought the pleadings must affirmatively show that the value of the mortgaged property does not exceed $1,000, even though the debt is within the jurisdiction of the court.

The judgment is reversed, and cause remanded to the trial court, with instructions to dismiss the suit unless the pleadings are so amended as to make it appear that the mortgaged property is of a value not exceeding $1,000.

Reversed and remanded.