TEXAS & N. O. R. CO. v. MARSHALL & MARSHALL. (No. 71.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 17, 1916. On Motion for Rehearing, March 16, 1916.)

1. COURTS ⬡122—JURISDICTION—AMOUNT IN CONTROVERSY.

It is not the evidence, but the pleadings, which determine whether the amount in controversy is within the jurisdiction of a court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. ⬡122.]

2. APPEAL AND ERROR ⬡934(1) — PRESUMPTIONS IN SUPPORT OF JUDGMENT.

On appeal every reasonable intendment will be indulged to support the judgment below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777, 3780, 3781; Dec. Dig. ⬡934(1).]

On Motion for Rehearing.

3. ATTORNEY AND CLIENT ⬡150 — AGREEMENTS FOR CONTINGENT FEE—SETTLEMENT BETWEEN CLIENT AND PARTY LIABLE.

A person injured while a passenger on defendant's railroad employed plaintiffs to represent her in collecting damages, and agreed that they should receive one-half of the net sum collected after deducting necessary costs of collection, and that she would not compromise or settle the claim without authority from plaintiffs. With knowledge of plaintiffs' rights, the railroad claim agent procured a release from the injured party by paying her $100 and agreeing to pay a doctor's bill of $22.50 and to settle with plaintiffs. Plaintiffs sued, and the court refused an instruction requested by defendant directing a verdict for plaintiffs for $61.25 and gave a peremptory instruction for plaintiffs for $122.50. *Held*, that plaintiffs were only entitled to recover $61.25, and the court erred in refusing the requested instruction.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 354; Dec. Dig. ⬡150.]

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Suit by Marshall & Marshall against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed on rehearing.

John T. Garrison, of Houston, and King & Seale, of Nacogdoches, for appellant. Marshall & Marshall, of Nacogdoches, for appellee.

BROOKE, J. This is a suit by appellees, brought on the 6th day of July, 1915, against appellant, the petition alleging that Mrs. Mary Coats, the wife of C. C. Coats, while

a passenger on the appellant's line of railroad, was injured, and that later the said Mrs. Coats and her husband entered into a written contract with appellees, which contract is as follows:

"The State of Texas, County of Nacogdoches. Know all men by these presents: That we, Mary P. Coats, joined by her husband, C. C. Coats, Sr., both of the county and state aforesaid, do hereby contract with and employ Marshall & Marshall attorneys to represent us in collecting damages due by the Texas & New Orleans Railroad Company for injury to Mary P. Coats, which injury was occasioned by the negligence of said railroad company to the said Mary P. Coats on or about March 7, 1915, at a station on said railroad company, in Angelina county, Texas. The said attorneys, Marshall & Marshall, are to give their legal services in the collection and settlement of the aforesaid claim for damages, and to sue therefor in the event that said claim is not adjusted without suit, and the said attorneys are to receive one-half of the net sum collected after deducting necessary costs incurred in collecting said claim. The said Mary P. Coats and her husband, C. C. Coats, Sr., bind themselves to pay all costs incurred in the prosecution and collection of this claim, and to make the necessary cost bonds in the prosecution of this claim and appeal bond, if appeal is deemed necessary by attorneys herein. If costs are obtained from defendant railroad company, then the said attorneys herein are to share one-half of the full amount of the claim collected, costs being paid by defendant. In the event that nothing is obtained by virtue of this claim against the said railroad company, then in that event, the said attorneys are not to be paid anything for their services. But we, the said Mary P. Coats and C. C. Coats, Sr., hereby agree and bind ourselves that this claim shall not be compromised or settled by us without authority from our said attorneys, Marshall & Marshall, of Nacogdoches, Texas, but that the said attorneys shall have full authority to settle, adjust and compromise and sue for us and in our behalf, as fully as we ourselves could do. Witness our hands at Nacogdoches, Texas, this 10th day of April, A. D. 1915. [Signed] Mary P. Coats, C. C. Coats, Marshall & Marshall, Attys., by F. P. Marshall."

Plaintiffs allege in their petition as follows:

"Plaintiffs allege that by virtue of the aforesaid contract they immediately began investigation and study of said cause of action, acquainting themselves with the facts and locality of the injury, interviewing witnesses, examining the ground at Shawnee switch, and that plaintiffs have at all times carefully and properly safeguarded the interests of the said Mary P. and C. C. Coats. On June 26, 1915, plaintiffs informed defendant, through C. Emmett, its duly authorized and acting claim agent, that plaintiffs Marshall & Marshall had a written contract with Mary P. Coats and C. C. Coats giving plaintiffs the sole and exclusive right to adjust, settle, compromise, or sue for, damages for negligence of the defendant Texas & New Orleans Railroad Company for injury to Mary P. Coats at Shawnee switch on March 7, 1915; that neither Mary P. Coats nor C. C. Coats had any authority whatever to deal with defendant railroad company nor any of its agents in the adjustment, compromise, or settlement of the aforesaid claim, but that the said Marshall & Marshall had taken said claim for collection or settlement upon a contingent fee of one-half, or 50 per cent., of the entire amount of whatever sums the said defendant railroad company might be liable for or might pay or have to pay in compromise, settlement, or suit of said claim, all of which aforesaid facts defendant well knew.

"Plaintiffs allege that defendant Texas & New Orleans Railroad Company, through its duly authorized and acting claim agent, C. Emmett, on the evening of July 2, 1915, without the knowledge or authority from plaintiffs Marshall & Marshall, went to the home of Mary P. Coats and C. C. Coats and there paid them $100 in cash, without any authority and in fraud of plaintiffs' contract and rights, and that defendant well knew the payment of said $100 was fraudulent and for the purpose of defrauding these plaintiffs and prejudicing their rights in the trial of the aforesaid claim; and defendant on said date and through its said agent as aforesaid assumed the payment, and has since paid, the bill of Dr. J. B. Deal for services and medical treatment of the said Mary P. Coats for the injuries caused her by the negligence of defendant railroad company at Shawnee switch as aforesaid; that said medical bill so assumed and paid by the defendant railroad company was $22.50 in cash, and said latter sum was part of the consideration of the attempted settlement and compromise of the claim for damages of the said Mary P. and C. C. Coats for the injuries caused Mary P. Coats by defendant railroad company as aforesaid, and that said attempted settlement and compromise of said claim of the said Mary P. Coats and C. C. Coats was without authority of law, was fraudulently made and knowingly so made by defendant railroad company for the purpose of defrauding these plaintiffs Marshall & Marshall in a fair and equitable settlement by compromise or suit of the aforesaid claim; that, in addition to the said $22.50 in cash assumed and paid by defendant railroad company to the said Dr. J. B. Deal, the further sum of $5 in cash for a written statement made by the said Dr. J. B. Deal to defendant railroad company as to the nature and extent of the injuries caused by the negligence of defendant railroad company to the said Mary P. Coats at Shawnee switch on March 7, 1915, as aforesaid, and that said payment of said latter sum was for the purpose of prejudicing the rights of these plaintiffs in a fair and equitable adjustment, settlement, or trial of this cause.

"Plaintiffs allege that before defendant on said July 2, 1915, paid to said Mary P. Coats and C. C. Coats the $100 in cash as aforesaid, and before said defendant assumed to pay and did pay the said Dr. J. B. Deal the said $22.50 in cash as aforesaid, the said Mary P. Coats and C. C. Coats informed the said C. Emmett, the duly authorized and acting claim agent of defendant Texas & New Orleans Railroad Company, that the said Mary P. Coats and C. C. Coats had entered into a contract in writing with Marshall & Marshall, whereby they had agreed and bound the said Mary P. Coats and C. C. Coats to pay to the said Marshall & Marshall, plaintiffs herein, one-half, or 50 per cent., of the entire claim for damages by the negligence of the Texas & New Orleans Railroad Company to Mary P. Coats for injuries to her at Shawnee switch on March 7, 1915, as aforesaid; and the said Mary P. Coats and C. C. Coats made the condition of their acceptance of the said $100 in cash to them, and the assumption of the said $22.50 to Dr. J. B. Deal by the defendant Texas & New Orleans Railroad Company, that the said Texas & New Orleans Railroad Company would assume and would pay and settle with Marshall & Marshall, plaintiffs herein, upon the basis of one-half, or 50 per cent., of the entire claim, as per the terms of their contract, and the said defendant Texas & New Orleans Railroad Company obligated and bound itself to settle with and pay the said Marshall & Marshall, plaintiffs herein, upon said basis of said 50 per cent., or one-half, of the entire claim of the said Mary P. and C. C. Coats inclusive of whatever sums the said defendant had to pay for medical bills and costs of suit, if any. The said defendant railroad company has failed and refused, and still fails and refuses, to comply

with the terms of its contract made and entered into with the said Mary P. Coats and C. C. Coats on said July 2, 1915, and, because of said failure of said defendant to comply with and carry out said agreement as to Mary P. and C. C. Coats, the said contract even with the said Mary P. Coats and C. C. Coats by defendant has been breached, and Mary P. Coats and C. C. Coats are not bound in law nor equity to comply with and respect said agreement and said attempted and fraudulent settlement of their portion of the aforesaid claim for damages.

"By virtue of the contract of plaintiffs herein with the said Mary P. Coats and C. C. Coats, whereby said Marshall & Marshall, under the terms of said contract, were vested with a contingent fee of one-half interest in and to all of the aforesaid claim for damages, which claim is for the sum of $1,000, as aforesaid, and because by the terms of the aforesaid contract of Marshall & Marshall with the said Mary P. Coats and C. C. Coats, whereby the said Mary P. Coats and C. C. Coats obligated and bound themselves not to settle or compromise the aforesaid claim without authority from the said Marshall & Marshall, plaintiffs herein, who have not given to the said Mary P. Coats or C. C. Coats any authority to compromise any part of said claim for damages as aforesaid, and because the said attempted settlement by defendant with the said Mary P. Coats and C. C. Coats, on July 2, 1915, upon the terms and conditions alleged as aforesaid, are without authority from these plaintiffs, and fraudulently made as to these plaintiffs with full knowledge by defendant at the time that said attempted settlement with Mary P. Coats and C. C. Coats, both as to the $100 paid and as to the $22.50 paid, as to these plaintiffs is wholly and totally fraudulently made and knowingly so made by defendant railroad company for the purpose of defeating and prejudicing the rights of plaintiffs herein, plaintiffs ask that said attempted settlement with the said Mary P. Coats and C. C. Coats as aforesaid be held null and void and of no effect as to Mary P. Coats and C. C. Coats, because the said defendant railroad company has failed and refused, and still fails and refuses, to comply with the conditions and terms made and entered into by it and the said Mary P. Coats and C. C. Coats as a condition of said payment of the aforesaid sums of money, and that plaintiffs be allowed to proceed with this cause in their own name for the full amount of damages of $1,000 as before alleged, and that plaintiffs under the terms of said contract be given one-half, or 50 per cent., of all sums that may be paid or recovered from defendant as the portion rightfully belonging to plaintiffs under the terms of their contract of a contingent fee of one-half of the total claim. But in the event the court should hold that plaintiffs could not recover for the one-half of the claim for Mary P. Coats and C. C. Coats which said Mary P. Coats and C. C. Coats have attempted to compromise, and that said attorneys, Marshall & Marshall, under the terms of their contract of employment, hold said one-half in trust for Mary P. Coats and C. C. Coats to be paid to them when said cause of actions shall have been fully disposed of according to law, then, in such event, plaintiffs ask that they be permitted to prosecute this suit in their names as plaintiffs as herein stated for their full and just portion of one-half of the entire claim, which said half of said claim for damages as aforesaid is $500 as the portion which plaintiffs are entitled to sue for and recover of defendant, because plaintiffs are in no wise bound or affected by the attempted and fraudulent settlement made by defendant with Mary P. Coats and C. C. Coats on July 2, 1915, as before alleged.

"But if, from any cause, the court should hold that plaintiffs could not proceed with this suit either for the full sum of $1,000, $500 of which to be held in trust for Mary P. Coats and C.

C. Coats until said cause shall have been fully and fairly adjusted and settled or until the further orders of the court, or that plaintiffs could not proceed in their names as plaintiffs against the defendant herein for the sum of one-half of the said entire claim, to wit, $500 as the rightful portion of said claim which these plaintiffs under the terms of their contract are entitled to sue for and recover, but that the attempted settlement by defendant and Mary P. Coats and C. C. Coats on July 2, 1915, for the sum of $122.50, was binding as to said parties, then plaintiffs allege that plaintiffs herein, Marshall & Marshall, are entitled to $122.50 as the portion of the entire claim for damages that defendant the Texas & New Orleans Railroad Company bound and obligated itself to pay when it paid said sums of $100 and $22.50 as aforesaid on said July 2, 1915, and agreed to comply with its terms of settlement with said Marshall & Marshall as per the contract with said Marshall & Marshall with Mary P. Coats and C. C. Coats.

"Wherefore, premises considered, plaintiffs pray that citation be issued and served upon defendant in terms of law, that upon a final hearing herein plaintiffs have judgment against defendant for the sum of $1,000, for costs of suit, and for general and special relief, in law and equity, as they may be entitled."

They further allege that, before the appellant paid to the said Mary P. and C. C. Coats the said sum of $100 and said $22.50 doctor's bill, they, the said Coats and wife, informed the said C. Emmett that they had entered into a contract in writing with Marshall & Marshall, whereby they agreed to pay the said Marshall & Marshall one-half, or 50 per cent., of the entire claim for damages, and that said Mary P. and C. C. Coats made it a condition of their acceptance of said $100 in cash and the payment of said $22.50 doctor's bill by appellant that the appellant would assume and pay and settle with Marshall & Marshall upon the basis of one-half, or 50 per cent., of the entire claim, as per the terms of their contract. And they further alleged that the said appellant bound itself to settle with Marshall & Marshall and pay them upon said basis of said 50 per cent., or one-half, of the entire claim of said Coats and wife, inclusive of whatever sums the said appellant had to pay for medical bills and costs of suit, if any; that the railroad company failed and refused to comply with the terms of the contract made and entered into with the said Coats and wife on said July 2, 1915, and they alleged that by virtue of the contract said covenant by which appellant bound itself to pay, and the consideration of the settlement with the said Coats and wife being that appellant would pay appellees and settle with them, as per said contract, appellees are entitled to said sum of $122.50.

The appellant pleaded that it had made a complete settlement with Coats and wife for any and all injuries sustained by said Mary Coats while a passenger on defendant's train, and paid her the sum of $100, which was accepted as full settlement for any and all damages, and she executed a release therefor, and further pleaded that it offered to pay appellees $50, one-half of the amount paid

to Coats and wife, and now offers to pay and tenders in court the said $50, which was refused.

The case was tried before a jury, and the court instructed the jury to return a verdict in favor of appellees for the sum of $122.50.

Appellant filed motion for new trial, which was overruled, to which appellant excepted and gave notice of appeal, in due time filing its appeal bond, perfecting the appeal, and the case is now before this court for consideration.

By its first assignment of error, appellant complains that the court erred in refusing to give defendant's special charge No. 1, which is as follows:

"In this case, you are instructed that the plaintiffs are entitled to recover only the sum of $50. You will therefore return a verdict for the plaintiffs against the defendant for the sum of $50."

The proposition under the above assignment urged by appellant is:

"That the contract between Marshall & Marshall and Coats and wife did not assign to Marshall & Marshall the cause of action that Coats and wife had against appellant, but only assigned to Marshall & Marshall one-half of the net amount that was received by settlement, suit, or compromise, and, Coats and wife having settled their cause of action against the railroad company in full, the railroad therefore would only be liable to Marshall & Marshall for one-half of the amount paid to Coats and wife."

The contract has been set out heretofore in full, and all of the testimony that appellant introduced, outside of the contract itself, was as follows:

Mrs. Mary P. Coats testified:

"Yes, I signed the release for my injuries. I did not want to sign it, and I told the claim agent that I had signed a contract with Marshall & Marshall, and couldn't settle with him, and he said I could if I wanted to; that it was just with me. I read the contract, and I asked him why Marshall's name was not in it, and he said it did not belong there."

C. C. Coats testified as follows:

"On July 2, 1915, Mr. Emmett, the claim agent, came to my house late in the evening to settle with us. I told him I couldn't settle with him, that we had given a contract to our attorneys, Marshall & Marshall, and had given them exclusive right to settle our claim against the railroad, and that suit had been already filed. Mr. Emmett said I could settle the claim, that it was with me, and offered me $100. I told him I couldn't take that; that I would have to pay my attorneys one-half, and after I had paid my attorneys $50 and paid the doctor I wouldn't have more than $10 or $15 left. He asked me what was the best I would do, and I told him $500. He then said he would give me $100 in cash and pay Dr. Deal and Marshall & Marshall, and I could settle with Castlebury; that would make it about even. I agreed to do that, and he wrote up the contract and release which we signed. We wouldn't have signed that release if the claim agent hadn't agreed to pay Marshall & Marshall. Yes, I have signed a release to the railroad for the injuries to my wife. They paid me $100 and agreed to pay Deal and settle with Marshall & Marshall and I was to settle with Castlebury. I tried to get Emmett to wait until next morning, when we would go to Nacogdoches, and I would talk with my attorneys, and he said he would not stay, as he had to go away

that night. The contract was read to us before we signed it."

J. H. Marshall testified:

"On June 26, 1915, Mr. Emmett, the claim agent for the Texas & New Orleans Railroad Company, came to our office to confer with us relative to settlement of the claim of Mrs. Mary P. Coats against the said company for damages to her, and asked whether C. C. Coats was in town; that he would like to talk with him. We told him we had no objection to his talking to Mr. Coats, but Mr. Coats couldn't settle with him; that he and his wife had given us a contract delegating to us exclusive right to compromise, settle, or sue for damages upon a contingent fee of one-half of the entire claim. I did not give C. C. Coats and his wife authority to settle this claim. Yes, it is a fact that I told the claim agent, Mr. C. Emmett, when he left our office on June 26, 1915, that it would be useless to see us in reference to a settlement upon the terms he offered. It is also a fact that Mr. Emmett came to our office on July 3, 1915, and told us he had settled with our client in full for $100 and had a release therefor. He said the railroad was not to pay the attorneys anything. He afterwards admitted that the railroad had agreed to pay Dr. Deal and our attorneys' fee."

As stated above, the appellant then introduced a release signed by C. C. and Mary P. Coats, which is not of record, but as to which the county judge, in the statement of facts, states as follows:

"No evidence was introduced by defendant, except a release signed by C. C. and Mary P. Coats, stating a cash consideration of $100 and the assumption by defendant railroad company of the payment of Dr. J. B. Deal, which release was witnessed and acknowledged, but is in possession of defendant's attorneys and has not been furnished to the court for embodiment in the statement of facts. The defendant's voucher showing the payment of said $100 was offered and introduced, but said voucher has not been furnished to the court for embodiment here."

From the testimony, it is clear that the defendant company, when it settled with Coats and wife, paid them $122.50, as their part of the claim, and agreed to pay the attorneys, who were appellees herein, their part of the claim for damages, which at that time the appellant knew was to be divided between the parties equally. It is also apparent from the evidence that the money paid to Coats and wife was not included, or attempted to be included, in the amount which was agreed to be paid in settlement of said claim to appellees. In other words, it is clear from the testimony that it was understood by Coats and his wife, and by the agent of appellant, that he only paid the said Coats and wife their part of the claim in settlement, and that the appellant agreed to pay the appellees their part. Therefore we do not believe that the court erred in refusing to charge the jury that the plaintiffs were entitled to recover only the sum of $50. This assignment, therefore, is overruled.

By the second assignment of error, appellant complains that the court erred in refusing to give appellant's special charge No. 2, which is as follows:

"In this case, you are instructed that the plaintiffs are not entitled to recover but $61.25. You

will therefore return a verdict in favor of plaintiffs for the sum of $61.25."

We are sure that this special charge was asked upon the theory that the appellees were entitled to recover only one-half of what was actually paid Coats and wife, for the reason that $61.25 is one-half of the amount paid Coats and wife, including the doctor's bill. From our view of the case, the court was not in error in refusing to give this special charge, and the assignment is therefore overruled.

The third assignment of error assails the action of the lower court in giving a peremptory instruction in favor of appellees against appellant, in the sum of $122.50, for the following reasons: That the court erred in withdrawing from the jury the issue of whether or not the settlement made by and between the defendant company and Coats and wife was only a settlement of Coats' interest in and to said cause of action, and not a complete settlement of the entire cause of action; the evidence showing that a release executed by Coats and wife was a full and complete settlement of the entire cause of action. As before stated, the release is not in the record. The only statement with reference to the contents of same is the evidence of the court trying said cause. We do not believe from the testimony that it was error in the court in giving this peremptory instruction, as the testimony conclusively showed, and there was no evidence to the contrary, that, in the settlement appellant made with Coats and wife, it was the understanding and agreement of the parties that the amount paid Coats and wife was their part of the settlement, and appellant agreed, in addition, to pay Marshall & Marshall their additional and equal portion. This assignment is therefore overruled.

By their fourth assignment of error, appellant complains that the court erred in peremptorily instructing a verdict for the defendant, and withdrawing the case from the jury, for the reason that the evidence shows that C. C. Coats and wife had made a full and complete settlement, and they accepted in full the settlement of $100, etc., etc.

What we have said with respect to the third assignment of error applies here, and this assignment is therefore overruled.

The appellant, in the fifth assignment of error, insists that the court erred in instructing a verdict, for the reason that the undisputed evidence shows that appellees were not entitled to recover in any sum in excess of one-half of the amount paid Coats and wife, and that therefore the court is out of jurisdiction to render judgment.

[1, 2] It is not the evidence, but the pleadings, to which we look to discover whether or not the court has jurisdiction of the amount involved in controversy. We have set out the pleadings of the plaintiff in full. There was no general or special demurrer to this petition, either filed or urged. It is useless to speculate what would have been the result if this had been done. Every reasonable intendment will be indulged to support the judgment of the court. Such being the case, and the jurisdiction of the court being determined not by the amount recovered, we are of the opinion that the above assignment should be overruled.

Finding no error committed by the trial court, this case is in all things affirmed.

### On Motion for Rehearing.

[3] Upon a more thorough consideration, we are of opinion that we were in error in affirming this case, and that the requested charge of appellant, to the effect requesting the jury to bring in a verdict for $61.25 in favor of the appellees, should have been given, and that there was error in the lower court taking the case from the consideration of the jury. Therefore the motion for rehearing is granted, and the judgment is reformed, and will be that the appellees recover of appellants the sum of $61.25 and all costs. As reformed, the case will be affirmed.