JACKSON v. SERE. (No. 5908.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1917.)

1. COURTS ⊂⊃122—JURISDICTION—PETITION.

In the absence of any proof of fraud as to jurisdiction, the averments in the petition as to the amount involved will establish the jurisdiction of the court.

2. COURTS ⊂⊃121(4)—JURISDICTION—AMOUNT INVOLVED.

Though the amount of a note in suit was less than $200, yet, where plaintiff sought se-

questration of a motorcar of the value of $350, and foreclosure of a chattel mortgage thereon, the county court had jurisdiction.

3. APPEAL AND ERROR ☞1010(1)—REVIEW—FINDINGS.

A finding of fact in an action tried to the court is conclusive on appeal, when supported by evidence.

4. PLEADING ☞8(4) — PETITION — CONCLUSIONS OF PLEADER.

In a suit on a note and for the foreclosure of a chattel mortgage, an averment that the mortgaged chattel, a motorcar, was of the value of $350 is not a conclusion of the pleader.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by R. Sere against E. J. Jackson. From a judgment for plaintiff, defendant appeals. Affirmed.

Diedrich A. Meyer, of San Antonio, for appellant. C. J. Adams, of San Antonio, for appellee.

FLY, C. J. This is a suit to recover on a promissory note for $211.50, instituted by appellee against appellant, and to foreclose a chattel mortgage on an automobile given to secure payment of the note. No jury was demanded and the court heard the cause and rendered judgment in favor of appellee for the amount of his note, interest, and costs, and a foreclosure of the chattel mortgage.

[1] There was no plea of non est factum, but, on the other hand, it was admitted that appellant executed the note for $211.50. The jurisdiction of the court was fixed by the allegations of the petition, in the absence of any proof of fraud as to jurisdiction. Hoffman v. Building & Loan Association, 85 Tex. 409, 22 S. W. 154; Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; W. U. Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8; Railway v. Marshall, 184 S. W. 643; Wells Fargo & Co. v. Crittenden, 189 S. W. 296.

[2] In the petition, as well as application for sequestration, the automobile was alleged to be of the value of $350, and if the amount of the note had been less than $200, as contended by appellant, the court would still have had jurisdiction, because the amount in controversy would be the alleged value of the chattels on which a foreclosure was sought. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Reeves v. Faris, 186 S. W. 772.

[3] No objection was made to the amount of the judgment in the trial court, but for the first time the judgment is assailed in this court because the sum of $3 was not credited on the note. It is true that appellant testified that he had made a "sign" for an employé of appellee, but appellee testified positively that appellant "never paid me a cent on said note and mortgage and everything is due me." The court credited that statement, and this court cannot question the decision. The second assignment of error is overruled.

The evidence clearly showed that appellee paid appellant $200 in cash as a loan, and, with the consent and at the request of appellant, paid an attorney $10 for examining the title to the automobile and preparing the mortgage, and $1.50 for acknowledgment and registration of the same. Two witnesses swore to those facts, and the court credited their statements rather than those of appellant to the effect that the $11.50 was usurious interest. This court is bound by the court's action in the matter.

[4] The allegation of value of the automobile in the petition was not a mere conclusion of the pleader, but the allegation of a fact. Appellant fails to state in what other manner value could have been alleged.

There is no error presented in the brief of appellant, and the judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes