W. R. KELLEY & CO. v. J. E. STEVENS & SONS.

(Court of Civil Appeals of Texas. March 1, 1911. Rehearing Denied April 12, 1911.)

1. JUSTICES OF THE PEACE (§ 141*)—JURISDICTION—APPEAL.

Where a case is appealed from a justice to the county court, the latter is without jurisdiction, unless the justice had jurisdiction, though the amount in controversy may be within the original jurisdiction of the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 472, 473; Dec. Dig. § 141.*]

2. COURTS (§ 169*)—JURISDICTION—FORECLOSURE OF LIEN.

If the value of the property covered by a lien exceeds the limits of the court's jurisdiction, the court has no power to foreclose the lien, though the amount of the debt secured by it may be within the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436; Dec. Dig. § 169.*]

3. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION—FORECLOSURE OF LIEN.

Where mortgaged property was in excess of $200, a justice of the peace had no jurisdiction of an action to foreclose the lien, although the debt was only $95.55, interest, etc.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by J. E. Stevens & Sons against W. R. Kelley & Company. From a judgment of the county court affirming a judgment of a justice of the peace for plaintiff, defendant appeals. Reversed and dismissed.

E. M. Critz, for appellant. W. Marcus Weatherred, for appellee.

KEY, C. J. This suit originated in a justice of the peace court and was based upon a promissory note for $95.55, with interest and attorney's fees, and upon a chattel mortgage on 10 bales of cotton. The plaintiffs recovered, and the defendants appealed the case to the county court, where judgment was again rendered for the plaintiffs for the amount of the note, interest, and attorney's fees, and for a foreclosure of the mortgage on the cotton, and the defendants have prosecuted an appeal to this court.

In the county court, the parties entered into the following written agreement, which was put in evidence: "It is hereby agreed by the undersigned parties hereto and their attorneys, that the cotton referred to and mentioned in the judgment rendered in this cause in the justice court of precinct No. 1, Coleman county, Tex., being cause No. 2,154 in said court, and the cotton referred to in plaintiffs' claim and petition in said cause filed in said justice court and now filed on appeal in this court is worth the sum of $50 per bale; and that said cotton was worth the said sum of $50 per bale at, during, and about the fall of 1908, and ever since said time was worth the said sum of $50 per bale."

As before stated, the plaintiff sought and obtained a foreclosure on 10 bales of cotton. We sustain appellants' first assignment of error, which asserts that the county court had no jurisdiction to try the case. [1] It is now well settled in this state that, when a case is appealed from a justice's court to the county court, the latter has no jurisdiction to try the case, unless the justice court had jurisdiction, although the amount in controversy may be within the original jurisdiction of the county court. [2] And it is also well settled that in a suit to foreclose a lien that, if the value of the property covered by the lien exceeds the limit of the court's jurisdiction, the court has no power to try the case, although the amount of the debt may be within the prescribed limit of the court's jurisdiction. Marshall v. Taylor, 7 Tex. 235; Smith v. Giles, 65 Tex. 341; Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Wise v. O'Malley, 60 Tex. 588; Neil v. State, 43 Tex. 91; Cox v. Wright, 27 S. W. 294; Hall v. McGill, 38 S. W. 828; Pecos & N. W. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; T. & P. Ry. Co. v. Hood, 125 S. W. 982.

[3] The value of the mortgaged property being in excess of $200, the justice of the peace had no jurisdiction to try the case, and therefore the county court was without jurisdiction to render the judgment complained of; and, pursuing the practice suggested by the Supreme Court in Railway v. Canyon Coal Co., supra, the judgment rendered by the county court is reversed, and the case dismissed.

Reversed and dismissed.