WALKER MERCANTILE CO. v. J. R. RANEY CO.

(Court of Civil Appeals of Texas. Austin. Nov. 13, 1912. Appellee's Motion for Rehearing Jan. 8, 1913. Appellant's Motion for Rehearing March 5, 1913.)

1. COURTS (§ 122*) — JURISDICTION — COUNTY COURT—PLEADING.

Where the petition, in an action in the county court to foreclose a mortgage, failed to allege the value of the mortgaged property, the county court was without jurisdiction to enter judgment on the note and mortgage, though the amount of the note was alleged and was within the court's jurisdiction; the value of the mortgaged property being determinative.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

2. COURTS (§ 32*) — JURISDICTION TO BE SHOWN BY RECORD.

It is essential to the validity of a judgment that the pleadings affirmatively show that the trial court had jurisdiction of the subject-matter.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 134, 137, 139; Dec. Dig. § 32.*]

3. COURTS (§ 121*)—AMOUNT IN CONTROVERSY —ACTION FOR FORECLOSURE.

The court has jurisdiction of an action to foreclose a chattel mortgage where the value of the mortgaged property is within the limits of its jurisdiction, though the debt be below the minimum limit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413-426, 428; Dec. Dig. § 121.*]

Appellee's Motion for Rehearing.

4. COURTS (§ 121*) — JURISDICTION — COUNTY COURT—CONVERSION.

That a cause of action for a personal judgment only, against one defendant for conversion of a part of mortgaged chattels of a stated value, which was within the limits of the county court's jurisdiction, was joined with another cause of action against another defendant on the note and for foreclosure of the mortgage, of which latter cause the county court did not have jurisdiction, because the petition failed to allege the total value of the mortgaged property, did not deprive such court of jurisdiction to render a personal judgment against the first-mentioned defendant on the former cause.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413-426, 428; Dec. Dig. § 121.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by the J. R. Raney Company against the Walker Mercantile Company and another. From a judgment for plaintiff, defendant company appeals. Affirmed on appellee's motion for rehearing, and appellant's motion for rehearing overruled.

Weatherred & McDaniel, of Coleman, for appellant. Harrison & Wayman, of Brownwood, for appellee.

KEY, C. J. Appellee brought this suit against appellant and one Irb Martin, alleging in its petition that it was the owner of a promissory note for $400.55, executed by the defendant Martin, and secured by a chattel mortgage on certain personal property described in the petition, which mortgage the plaintiff sought to foreclose as against both of the defendants. It was also alleged in the petition that the appellant, Walker Mercantile Company, had converted the cotton described in the petition and covered by the mortgage, and of the alleged value of $350. The plaintiff did not allege the value of the remainder of the property covered by the mortgage, and the transcript fails to show such value.

The defendant Martin made no defense. Appellant, Walker Mercantile Company, answered by general demurrer, general denial, and by special answer, averring that if appellee had any lien on the cotton alleged to have been converted by appellant said lien was inferior to a chattel mortgage lien given by the defendant Martin to the appellant upon the cotton referred to. Replying to that plea, appellee filed a general denial, and alleged facts tending to show that appellant was not entitled to protection as a subsequent lienholder in good faith.

The cause was submitted to the court, without a jury, and judgment rendered in favor of the plaintiff against the defendant Martin for the amount of the debt sued for, with a foreclosure of the plaintiff's chattel mortgage against all the property described in the plaintiff's petition. Judgment was also rendered in favor of the plaintiff against the defendant Walker Mercantile Company for $214.71, the value of seven bales of cotton converted by it, and for a foreclosure of plaintiff's lien thereon as against the latter defendant. That defendant has appealed and presented the case in this court upon several assignments of error, under all of which it is insisted that the judgment should be reversed. We overrule all of the assignments except the first, and, without discussing the questions presented under the other assignments, we deem it sufficient to say that they have been given careful consideration, and we have reached the conclusion that appellant's contentions in reference thereto are not tenable.

[1, 2] The first assignment charges that

the county court erred in entertaining jurisdiction of this cause, for the reason that the plaintiff's petition does not affirmatively show that the cause of action asserted was within the jurisdiction of that court. The point made is that, while the amount of the note sued on as against the defendant Martin, and the amount sought to be recovered from the defendant Walker Mercantile Company, are within county court jurisdiction, yet in this case jurisdiction depends, not solely upon the two facts referred to, but upon the value of the property upon which the plaintiff sought to foreclose a contract lien, and the value of such property is not disclosed by the plaintiff's petition, or otherwise. Appellant's contention is supported by Stricklin v. Arrington & Carter, 141 S. W. 189, decided by the Ft. Worth Court of Civil Appeals. That was a suit in the county court upon a debt for over $500, and less than $1,000, and for the foreclosure of a chattel mortgage on certain personal property, the value of which was not alleged in the plaintiff's petition. The appellate court held, in effect, first, that a judgment appealed from is fundamentally erroneous, unless the pleadings affirmatively show that the trial court had jurisdiction of the subject-matter; and, second, that in a suit to foreclose a mortgage on chattels, the amount in controversy is the alleged value of such chattels. We think the first proposition is undoubtedly correct. In this state we have three trial courts, which are the district court, the county court, and the justice of the peace court; and the jurisdiction of these several courts is dependent upon the amount or value of the thing in controversy. Justice courts have jurisdiction when the amount in controversy does not exceed $200; county courts have jurisdiction when the amount in controversy exceeds $200 and does not exceed $500; the district courts have jurisdiction when the amount in controversy exceeds $1,000, and concurrent jurisdiction with the county court when the amount in controversy is not less than $500 nor more than $1,000.

[3] It is now well settled in this state that when a plaintiff brings an action of debt, and also seeks to foreclose a chattel mortgage, if the debt be below the minimum amount prescribed for jurisdiction, but the value of the mortgaged property is within the limits fixing the jurisdiction of the court, such court has jurisdiction to entertain and dispose of the entire case. And it was decided by this court in Kelley & Co. v. Stevens & Son, 136 S. W. 94, that a judgment foreclosing a chattel mortgage on property, the value of which was not alleged in the pleadings, must be reversed, when it was shown by the agreed facts upon which the case was tried that the value of the mortgaged property was in excess of the jurisdiction of the court in which the suit originated; and we see no sufficient reason for not adhering to the decision made in that case. In that case, as in this, one of the defendants was sued for converting part of the mortgaged property.

It also seems clear to us that Stricklin v. Arrington & Carter, supra, was correctly decided, although we are not prepared to sanction the broad statement made in that and many other cases, to the effect that in a suit to foreclose a mortgage on chattels the amount by which the jurisdiction is to be determined is the alleged value of the mortgaged property. If such value should be accepted as the sole test of jurisdiction, then, if the plaintiff sought to foreclose a chattel mortgage upon property not worth over $200 to secure a debt for $25,000, it would be necessary for him to bring his suit for the debt, as well as to foreclose the mortgage, in a justice of the peace court; and we are satisfied that such is not the meaning of the provisions of our Constitution and statutes fixing jurisdiction of the several courts; and we do not suppose that it was the intention to so hold when the broad language referred to was used in Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742, and other cases. It seems to us that the true rule is that when a plaintiff sues to foreclose a contract lien upon personal property, if the jurisdiction of the court in which the suit is brought is limited by a maximum of value, then the petition should allege both the amount of the debt and the value of the mortgaged property, and neither should be in excess of the amount prescribed as a limitation upon the court's jurisdiction. But if either should fall below the amount prescribing jurisdiction, then the other, whether it be the debt or the value of the mortgaged property, if within the prescribed limits of jurisdiction, should be taken as the test and determine the fact that the court in question has jurisdiction to try the case. However, when a suit is brought in the district court, and the amount of the debt exceeds $500, it is not necessary for the pleadings to allege the value of the mortgaged property, because there is no maximum limit to the jurisdiction of that court. This, in effect, was held by the Supreme Court in Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430, which is relied on by counsel for appellee in this case in support of the contention that it was not necessary for the plaintiff in this case to allege the value of the mortgaged property; but the cases are not analogous. That was a suit in the district court for a debt which exceeded $500, but was less than $1,000, and to foreclose a lien upon personal property, and it was held in that case that it was not necessary for the petition to allege, nor for the plaintiff to prove, the value of the mortgaged property; but it was held that, in order to show that the Supreme Court had jurisdiction to grant a writ of error, it was neces-

sary for it to be shown that the district court had exclusive jurisdiction, and therefore the applicant for the writ was allowed a reasonable time within which to file affidavits showing that the value of the mortgaged property exceeded $1,000. We presume that such affidavits were filed, as the report of the case shows that the Supreme Court subsequently exercised its jurisdiction and refused to grant a writ of error. That case is no authority for the contention that in all cases no necessity exists for alleging the value of the mortgaged property; but it is authority for the proposition heretofore asserted by us to the effect that, if the value of the mortgaged property be less than the amount of the debt, then the latter, and not the former, should control in determining the question of jurisdiction. We say this because, if the Supreme Court had been of the opinion that if the value of the mortgaged property in that case was less than $500 that fact would have defeated the jurisdiction of the district court, it is not probable it would have said in that it was not necessary to allege the value of the mortgaged property.

For the reasons stated, we hold that the plaintiff's petition failed to state a cause of action within the jurisdiction of the county court, and hence that tribunal had no jurisdiction to render any judgment; and therefore the entire judgment should be reversed, and the cause remanded for further proceedings in harmony with this opinion; and it is so ordered.

Reversed and remanded.

### Appellee's Motion for Rehearing.

[4] Upon further consideration of this case, we have reached the conclusion that this court fell into error in reversing the judgment. As against the appellant, the Walker Mercantile Company, the plaintiff's petition stated a cause of action within the jurisdiction of the county court. That cause of action consisted of the right to recover damages, because that defendant had unlawfully converted certain cotton of the alleged value of $350, and upon which the plaintiff had a valid lien, and had thereby deprived the plaintiff of that security for its debt. No foreclosure of the lien was sought or obtained as to the cotton alleged to have been converted; and therefore, while the petition did not show jurisdiction as to the other defendant, who is not complaining, it showed jurisdiction as to the cause of action asserted and recovered upon as against the Walker Mercantile Company; and therefore we recede from our former holding upon that subject. This case is distinguishable from Kelley v. Stevens, heretofore decided by this court. In that case there was a foreclosure sought and obtained against all the property, that which was alleged to have been converted by one of the defendants, as well as that not converted.

All the other questions presented in appellant's brief have received due consideration, and are decided against it.

Appellee's motion for rehearing is granted, and the judgment of the court below is affirmed.

Motion granted. Judgment affirmed.

### Appellant's Motion for Rehearing.

In our former opinion granting a rehearing and affirming the judgment in this case, it is stated that no foreclosure of the lien was sought or obtained as to the cotton alleged to have been converted. In making that statement, the thought in the writer's mind was inaccurately expressed, the intention being to say that no foreclosure was sought or obtained as against the Walker Mercantile Company; and, as we construe the pleadings and judgment, that statement is correct. The petition prayed for a judgment foreclosing the lien as against the defendant Martin, and the judgment forecloses the lien as against him against all of the mortgaged property then in his possession. But the cotton was not then in his possession; and therefore there was no foreclosure as to it. The plaintiff sought to and recovered against the Walker Mercantile Company for the conversion of the cotton, alleged to be of the value of $350, and neither sought nor obtained any other relief as against that defendant.

So we adhere to our last ruling, to the effect that the court had jurisdiction as to that branch of the case; and therefore appellant's motion for rehearing is overruled.