**CHILDRESS OIL CO. v. WOOD.    (No. 8302.)**

(Court of Civil Appeals of Texas. Fort Worth. Feb. 5, 1916. Rehearing Denied May 28, 1921.)

1. **Justices of the peace** ⬚⬚44(2), 141(2) — County court has no jurisdiction on appeal from justice court which had no jurisdiction; in foreclosing lien on personal property value of property determines amount in controversy.

In a suit to foreclose a lien on personal property, the jurisdiction of the court in which the suit is instituted must be determined by the value of such property, and if a justice court in which the suit is instituted is without jurisdiction to entertain it, the county court acquires none when the case is appealed to that court for trial de novo.

2. **Justices of the peace** ⬚⬚141(2) — County court on appeal acquired no jurisdiction to render money judgment, where value of property on which lien was sought was beyond jurisdiction of justice.

Where suit was brought in justice court to foreclose a lien on personal property, and judgment was for plaintiff for foreclosure, and defendant appealed to the county court for trial de novo, the county court did not acquire jurisdiction to render a money judgment without foreclosure; it being stipulated that the value of the property was in excess of $200.

Appeal from Wichita County Court; Harvey Harris, Judge.

Suit by O. E. Wood against the Childress Oil Company. Judgment for plaintiff before a justice, and defendant appealed, and from a similar judgment in the county court he again appealed. Reversed, and suit dismissed.

See, also, 230 S. W. 143.

Joseph Aynesworth, of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, and Ed Yarbrough, of Electra, for appellee.

DUNKLIN, J.    O. E. Wood instituted this suit in the justice court against the Childress Oil Company, to recover $178.50 for labor performed for the defendant and for statutory attorney's fees in the sum of $20 additional; also for foreclosure of an alleged statutory lien for the amount of his claim on certain machinery, tools, and materials owned · by the defendant.

From a judgment in the justice court in favor of plaintiff, for the amount of his claim with foreclosure of lien on so much of the property as might be found necessary to satisfy the judgment, the defendant appealed to the county court. In both courts the defendant pleaded to the jurisdiction, on the ground that the property upon which the lien was claimed exceeded $200 in value.

Upon the trial in the county court the parties agreed that the value of such property was in excess of $200 as alleged by the defendant. The plaintiff then dismissed his claim for such foreclosure, and the county court rendered a judgment for the amount of the debt without any foreclosure.

The only question presented to this court by the defendant, who has appealed from the last judgment, is that of jurisdiction to render it; the contention being that, as the value of the property upon which a lien was asserted was in excess of $200, the justice court had no jurisdiction of the suit, and therefore the county court on appeal had none. It is our conclusion that the assignment should be sustained.

[1] It is well settled by the decisions of our Supreme Court that in a suit to foreclose a lien on personal property the jurisdiction of the court in which the suit is instituted must be determined by the value of such property, and that if the justice court in which a suit is instituted is without jurisdiction to entertain it, the county court acquires none, when the case is appealed to that court for trial de novo. Pecos & Northern Texas Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Cotulla v. Goggan Bros., 77 Tex. 32, 13 S. W. 742; Kelley v. Stevens, 136 S. W. 94; T. & N. O. Ry. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Id., 99 Tex. 125, 87 S. W. 818; Ferrell-Michael Abstract & T. Co. v. McCormac, No.

8272, on rehearing 184 S. W. 1081; Id. (Com. App.) 215 S. W. 559.

Appellee invokes the decision of the Court of Appeals of the Fourth District in Henry v. Benoit, 70 S. W. 359, to sustain the judgment in the present suit. That suit was instituted in the justice court for damages for breach of a contract to furnish materials for the construction of a certain building upon which a statutory materialman's lien was claimed and sought to be foreclosed. In the justice court plaintiff was given a judgment for the amount claimed, and for a foreclosure of the lien asserted. On appeal to the district court he abandoned any claim of lien and took judgment for his damages only. In disposing of the appeal from that judgment and overruling assignment of error presenting the contention that, as the justice court had no jurisdiction of the suit, the district court acquired none, the Court of Appeals said:

"We think the district court had jurisdiction. The cause of action for damages was not dependent upon the lien, and the fact that the justice's court may have exceeded its power in undertaking to foreclose the lien would not destroy its power to dispose of that part of the case of which it had jurisdiction; and, having jurisdiction to try the question of damages, the district court properly acquired jurisdiction on appeal from the judgment on that branch of the case."

[2] It will be noted that the foreclosure sought in that suit was upon the building, which was a part of the realty, and hence clearly not within the jurisdiction of the justice court. Whether or not that fact would warrant a material distinction between that decision and the decisions cited above we deem it unnecessary for us to decide; for we are convinced that at all events the decisions first referred to are directly pertinent to the facts of this case and should be given controlling effect.

For the reasons noted the judgment of the trial court is reversed, and the suit dismissed, without prejudice to plaintiff's right to again institute it in a court of competent jurisdiction.