## HODGKINSON v. HARTWELL. (No. 6469.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1920. Rehearing Denied Jan. 12, 1921.)

1. **Courts** ⊚⟹169(2)—**Value of mortgaged chattel determines jurisdiction in suit to foreclose.**

The jurisdiction of the county court over a suit to foreclose a chattel mortgage is determined by the value of the mortgaged property, and not by the amount of the debt secured thereby.

2. **Pleading** ⊚⟹8(9)—**Petition must allege facts showing jurisdiction.**

A petition in any suit must affirmatively allege the facts showing that the court in which the suit is brought has jurisdiction.

3. **Courts** ⊚⟹170—**Allegation of sale price and damages held not to show value of mortgaged property.**

In a petition in the county court for foreclosure of a mortgage on an automobile, an allegation that both parties agreed to a sale of the car for $450 and that plaintiff was damaged in the sum of $300 is insufficient to show the value of the automobile, on which the jurisdiction of the county court depended.

4. **Pleading** ⊚⟹34(1)—**On special exception for want of allegation, petition must be considered in its entirety.**

On special exception that plaintiff's petition was insufficient because it failed to allege the performance or tender of performance by him of the contract involved, the petition must be considered in its entirety, and the exception was properly overruled where the petition, so considered, was not subject to that objection.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by G. Harry Hartwell against C. H. Hodgkinson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Dilworth & Marshall, of San Antonio, for appellant.

Saunders & Whipple, of San Antonio, for appellee.

SMITH, J. As a broker, appellant undertook, for appellee, to sell the latter's auto-

mobile to one Dickinson at the price of $450, $100 cash and one note for $350 payable to appellee in installments of $50 a month, to be secured by a chattel mortgage on the car. In a collateral agreement between appellee and appellant, the latter agreed to purchase this note from the former for $300, to be paid three days later. The pleadings of neither party undertook to allege the value of the car. The sale was made to Dickinson as planned, but subsequently, with all parties agreeing, appellant was substituted for Dickinson as the purchaser of the car, assuming Dickinson's liabilities, both as payor of the note and mortgagor in the mortgage. Later on, it seems, appellant sold the car to one Lippard. Lippard failed to pay for it, however, whereupon appellant sued him in justice court, and appellee intervened in that suit, setting up his interest in the subject-matter. Somehow or other, as a result of this litigation, the car was sold under an order of the justice court, but pending this sale appellant and appellee entered into a further agreement, by the terms of which appellee was to receive the proceeds ("up to the amount of $300") of the sale to be made under the order of the justice court, and in this agreement appellant expressly acknowledged the validity and continuing existence of the original chattel mortgage. At this sale appellant bought in the car for an amount in excess of $300 (the exact amount not being alleged), but "retained" both the car and the proceeds of the sale thereof, converting them to his own use and benefit. This statement of the case is based alone on the pleadings of appellee in the trial court, which must be taken as true for the purpose of determining this appeal.

In the trial court appellee prayed for judgment for $300 and for foreclosure of the mortgage on the car, or, in the alternative, for $300 for damages to and use of the car, and in a trial by the court, without a jury, judgment was rendered in favor of Hartwell against Hodgkinson for $250 and for foreclosure of the mortgage on the automobile, and Hodgkinson brings this appeal.

There are on file in this court neither findings of fact nor conclusions of law, and in deference to the presumptions in favor of the judgment of the trial court in such cases we would be required to affirm this judgment, and would do so but for the jurisdictional question involved.

In his first assignment of error appellant complains of the action of the trial court in overruling the general demurrer interposed by defendant to plaintiff's trial petition, and in the propositions under this assignment appellant asserts that, this being a suit upon a promissory note and for the foreclosure of a chattel mortgage given upon personal property to secure the payment of the note, and plaintiff having in his pleadings failed to allege the value of the mortgaged property, the peti-

tion is fatally defective, since it fails to show that the county court had jurisdiction of the cause. In our opinion, the assignment is well taken.

[1-3] It now seems to be well settled in this state that in a suit in county court to foreclose a chattel mortgage on personal property the value of the mortgaged property, and not the amount of the debt, determines the jurisdiction of the court. The petition in any suit must affirmatively allege facts showing that the court in which the action is brought has jurisdiction, and accordingly it was necessary in this case that appellee in his petition show the value of the property upon which foreclosure of the mortgage was sought. Reeves v. Faris, 186 S. W. 772; Marshall v. Stowers, 167 S. W. 230. Appellee contends that this requirement was met by the allegations in his petition that both parties agreed that the car in question be sold to Dickinson for $450, and that under the facts of the case appellee had been "damaged" in the sum of $300, and that such damages were "reasonable and just." But we do not think these allegations can be given this definite effect so as to serve the purpose of the requirement that the value of the mortgaged property be fixed in the pleadings as a basis for jurisdiction. If we were permitted to search the pleadings for isolated allegations from which to infer jurisdictional facts, we would be bound in this case to notice the allegations in the petition, and in exhibits attached to the petition, showing that the parties anticipated that the car would bring "in excess of $300" at the constable's sale, as it in fact did; how much more they expected it to bring, or what its actual value was, is not shown, and any estimate of the value of the car under the circumstances would be mere conjecture. The law does not permit the jurisdiction of our courts to be determined in this manner. It is perhaps true that the consistent application of this rule sometimes works hardships, and such may be true in this case, but the principle must nevertheless remain undisturbed.

[4] Appellant urges in his second assignment of error that plaintiff's petition was insufficient, in that it failed to allege performance or tender of performance by plaintiff of the contract involved, which appellant contends is an executory contract, and that in the absence of such allegation plaintiff could not require performance by defendant. This question was raised by the defendant by way of a special exception, which was overruled. We think the petition, considered in its entirety, as it should be, is not subject to this objection, and accordingly overrule the second assignment of error.

Because of the error first assigned, we think the judgment of the county court should be reversed and cause remanded; and it is so ordered.