**HUFF et ux. v. McDONALD. (No. 6726.)**

(Court of Civil Appeals of Texas. San Antonio. March 22, 1922.)

**Courts ⚙⟲170—Petition to foreclose chattel mortgage must show value of chattels was within county court's jurisdiction.**

Where foreclosure of a chattel mortgage is sought in the county court, which is a court of limited jurisdiction, the petition must affirmatively show that the value of the mortgaged property does not exceed the sum of $1,000; it being insufficient to set forth the amount of the debt which is within the court's jurisdiction.

Appeal from Bell County Court; J. W. Sutton, Judge.

Action by J. W. McDonald against King Huff and wife. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

N. P. Woodward, of Temple, for appellants.

FLY, C. J. This is a suit on a note for $300 and to foreclose a mortgage on a certain Ford automobile and three mules, instituted by appellee against King Huff and his wife, Lydia Huff, appellants herein. Appellants admitted the execution of the note and mortgage, but sought to defend on the ground that a new note and second mortgage had been given by appellants on other and different property, and that the mules

had been seized and sold under an execution in another person's suit and were bought by Lydia Huff. The court rendered judgment in favor of appellee for the amount of the note, interest, and attorney's fees, aggregating $484, and foreclosed the mortgage on two mules.

The petition was attacked in the trial court on the ground that it failed to state the value of the mortgaged property, thereby not showing that the county court had jurisdiction of the amount in controversy. It is the rule in Texas as established by decisions that, the county court being a court of limited jurisdiction, when a foreclosure is sought of a lien, the petition must affirmatively show that the value of the mortgaged property does not exceed the sum of $1,000, even though the amount of the debt is set forth and is within the jurisdiction of the court. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Marshall v. Stowers (Tex. Civ. App.) 167 S. W. 230; Richardson v. Hethcock (Tex. Civ. App.) 173 S. W. 1006; Lusk v. Hardin (Tex. Civ. App.) 176 S. W. 787; Reeves v. Faris (Tex. Civ. App.) 186 S. W. 772; Hodgkinson v. Hartwell (Tex. Civ. App.) 226 S. W. 457.

The judgment is reversed, and the cause remanded.