### WILKERSON et al. v. HUDDLESTON.
### (No. 8442.)

(Court of Civil Appeals of Texas. Galveston. Jan. 24, 1924.)

1. **Courts ⊚170—Justices of the peace ⊚ 58(5)—Petition in county or justice court to foreclose lien must show value within jurisdiction.**

Petition seeking foreclosure of a lien in a justice or county court, courts of limited jurisdiction, must affirmatively show that the value of the property, on which is the lien, does not exceed the court's jurisdiction.

2. **Courts ⊚169(2)—Jurisdiction in lien case dependent on value of property, and not amount of debt.**

Jurisdiction of action in which foreclosure of lien, other than a landlord's statutory lien, is sought, depends on value of the property on which is the lien, and not on the amount of the asserted debt.

3. **Justices of the peace ⊚141(4)—County court cannot, on appeal in lien foreclosure action against property of greater value than $200, give personal judgment, though foreclosure claim be dismissed.**

The justice court, in which action to foreclose a lien was brought, having no jurisdiction because the value of the property exceeded $200, though the debt declared on was less than that amount, the county court on appeal from judgment of foreclosure had no jurisdiction to render judgment for the debt, though plaintiff there dismissed his claim for foreclosure.

Appeal from Matagorda County Court; John F. Perry, Judge.

Suit by L. Huddleston against W. W. Wilkerson, individually, and as agent. From judgment of the county court for plaintiff, on appeal from a justice of the peace, defendants appeal. Reversed and dismissed.

W. S. Holman, of Bay City, for appellants.

LANE, J. L. Huddleston, appellee, brought this suit in the justice's court of precinct No. 1 of Matagorda county, Tex., against W. W. Wilkerson, individually, and as agent of a copartnership composed of J. F. Hudson, J. S. Hansel, and W. W. Wilkerson, to recover the sum of $27.50 alleged to be due him for labor upon the well-boring rig of said copartnership, and for a foreclosure of his laborer's lien on 2,500 feet of 4-inch drill pipe; 500 feet of 3-inch drill pipe; 300 feet of 6-inch casing; 440 feet of 8-inch casing; one 86-foot derrick; and a large quantity of other valuable personal property; and upon a leasehold on 8,649 acres of land owned by said copartnership—all shown to be of the value of more than $100,000.

W. W. Wilkerson for himself filed an answer which purports to be only for himself individually and as a member of the copartnership.

By this answer he demurred generally and denied each and every allegation of the plaintiff's petition.

It is not shown that either J. F. Hudson or J. S. Hansel were made parties to the suit in said justice court or that they made appearance therein in any manner.

Upon the trial in the justice court judgment was rendered in which it is recited:

"It is ordered that the plaintiff do have and recover of and from defendants, jointly and severally, the sum of $27.50."

Said judgment then decrees a foreclosure of said laborer's lien on the property heretofore mentioned to secure the payment of said sum of $27.50, and then directs that if said sum cannot be paid out of the proceeds of the sale of said property, then, and in that event, execution may be issued as against W. W. Wilkerson, but that no personal judgment shall rest against J. F. Hudson and J. S. Hansel.

The case was carried by appeal to the county court of Matagorda county.

In the county court W. W. Wilkerson, undertaking to answer for himself and for Hudson and Hansel, filed his plea to the jurisdiction of said court upon the ground that the value of this property upon which a foreclosure of lien was asked was beyond the jurisdiction of both the justice court and the county court; whereupon the plaintiff withdrew his prayer for a foreclosure of his asserted lien and asked for judgment only for the $27.50.

The court overruled the plea to the jurisdiction, and upon a verdict in favor of the plaintiff against W. W. Wilkerson, J. F. Hudson, and J. S. Hansel for $27.50, and

<hr />
⊚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

after so rendering such judgment, in a further recitation therein it is recited that no personal judgment shall be rendered against J. F. Hudson and J. S. Hansel. No foreclosure of the laborer's lien was awarded.

[1-3] On appeal it is insisted that as it is shown by the statement of facts that the property upon which appellee sought a foreclosure of lien in the justice court was of the value of more than $100,000, an amount exceeding the jurisdiction of said court, this court should reverse the judgment rendered and appealed from and dismiss the cause.

The insistence of appellant must be sustained. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Childress v. Wood, 111 Tex. 165, 230 S. W. 143; answer to Supreme Court to certified questions Childress v. Wood (Tex. Civ. App.) 233 S. W. 566; Huff v. McDonald (Tex. Civ. App.) 239 S. W. 365.

It is the well-settled rule in this state that, the justice and county courts being courts of limited jurisdiction, when a foreclosure of a lien is sought, the petition or demand must affirmatively show that the value of the property upon which the lien exists does not exceed the jurisdiction of the court, even though the amount of the debt declared upon is within the jurisdiction of the court. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Marshall v. Stowers (Tex. Civ. App.) 167 S. W. 230; Richardson v. Hethcock (Tex. Civ. App.) 173 S. W. 1006; Lusk v. Hardin (Tex. Civ. App.) 176 S. W. 787; Reeves v. Faris (Tex. Civ. App.) 186 S. W. 772; Hodgkinson v. Hartwell (Tex. Civ. App.) 226 S. W. 457.

This rule applies as well to all classes of liens as to mortgage liens, except as to a landlord's statutory lien. In the cases last mentioned it is held that the court's jurisdiction is determined by the amount of the debt and not the value of the property upon which the lien exists, since the statute contemplates a foreclosure upon only so much of the property as is sufficient to satisfy the debt. Lawson v. Lynch, 9 Tex. Civ. App. 582, 29 S. W. 1128; Dazey v. Pennington, 10 Tex. Civ. App. 326, 31 S. W. 312; Childress Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143; and the cases therein cited.

The case of Childress Oil Co. v. Wood (Tex. Civ. App.) 233 S. W. 566, was a suit in which appellee Wood sued the Childress Oil Company in the justice court to recover the sum of $178.50 for labor performed for said oil company, and for $20 attorney's fees; also, for a foreclosure of an alleged statutory lien on certain machinery, tools, and material owned by the oil company. From a judgment in the justice court in favor of the plaintiff for the amount of his claim, with a foreclosure as prayed for, the defendant oil company appealed to the county court. The defendant pleaded to the jurisdiction on the ground that the property upon which the lien was claimed exceeded $200 in value. It was shown in the county court, as in the present case, that the value of such property was in excess of $200. The plaintiff then dismissed his claim for foreclosure, as did the plaintiff in the present case, and the county court rendered judgment for the amount of the debt without foreclosure. In deciding that case, the court of Civil Appeals at Fort Worth said:

"The only question presented to this court by the defendant, who has appealed from the last judgment, is that of jurisdiction to render it; the contention being that, as the value of the property upon which a lien was asserted was in excess of $200, the justice court had no jurisdiction of the suit, and therefore the county court on appeal had none. It is our conclusion that the assignment should be sustained.

"It is well settled by the decisions of our Supreme Court that in a suit to foreclose a lien on personal property the jurisdiction of the court in which the suit is instituted must be determined by the value of such property, and that if the justice court in which a suit is instituted is without jurisdiction to entertain it, the county court acquires none, when the case is appealed to that court for trial de novo. Pecos & Northern Texas Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Cotulla v. Goggan Bros., 77 Tex. 32, 13 S. W. 742; Kelley v. Stevens, 136 S. W. 94; T. & N. O. Ry. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Id., 99 Tex. 125, 87 S. W. 818; Ferrell-Michael Abstract & T. Co. v. McCormac, No. 8272, on rehearing 184 S. W. 1081; Id. (Com. App.) 215 S. W. 559."

The judgment was reversed and the cause dismissed without prejudice.

The case from which we have just quoted is almost in every particular like the one before us, and the same rules there applied will govern the disposition of the appeal in this case.

For the reasons pointed out, the judgment of the trial court is reversed, and the cause dismissed, without prejudice to plaintiff's right to again institute suit in a court of competent jurisdiction.

Reversed and dismissed.