## WOODWARD–LANE et al. v. NELSON et al.
(No. 2353.)

(Court of Civil Appeals of Texas. Amarillo. June 18, 1924.)

**Appeal and error** ⬡20—**Justices of the peace** ⬡141(4)—**Appellate court has no jurisdiction, in absence of jurisdiction in county court and justice court.**

An action for $345.35, being beyond jurisdiction of a justice court, the county court acquired no jurisdiction on appeal, and appellate court acquired no jurisdiction on appeal from the judgment of the county court.

Appeal from Gray County Court; Jno. B. Ayres, Judge.

Action by Woodward-Lane and others against Harry Nelson and others. From a judgment of a justice court, an appeal was taken to the county court, from whose judgment plaintiffs appeal. Dismissed.

I. E. Duncan, of Pampa, for appellants Woodward-Lane.

Coffee & Holmes, of Miami, for appellants Locke Bros.

Chas. C. Cook, of Pampa, for appellees H. A. Nelson and C. B. Simpson.

HALL, C. J. The appellants Woodward-Lane, a partnership, filed this suit in the justice court of precinct No. 2 of Gray county, against J. F. Blanton, upon a promissory note in the sum of $106, which provided for 10 per cent. interest and 10 per cent. attorneys' fees. He also sued to foreclose a chattel mortgage lien upon one-half of 225 acres of wheat belonging to the defendant

---

Blanton. Several other parties, including Blanton's landlord and other lienholders, together with C. B. Simpson, who purchased the mortgaged wheat, were made parties defendant. The record is before us upon an agreed case, which shows that the value of the wheat upon which the plaintiffs sought to foreclose their lien is $345.35. This sum is the amount in controversy and is beyond the jurisdiction of the justice court (W. R. Kelly & Co. v. J. E. Stevens & Sons [Tex. Civ. App.] 136 S. W. 94), and the suit should have been filed in the county court. Since the justice court had no jurisdiction, the county court acquired none by the appeal, and for the same reason this court cannot entertain jurisdiction; the rule being that, when the court a quo is without jurisdiction, the appellate court acquires none on appeal. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Wilder v. Texas Central Railway [Tex. Civ. App.] 131 S. W. 607.

The case is dismissed.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes