## ABILENE & S. RY. CO. v. BAGWELL et al.
### No. 1207.

Court of Civil Appeals of Texas. Eastland.
March 16, 1934.

Rehearing Denied April 20, 1934.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellees.

FUNDERBURK, Justice.

The suit was brought by J. C. and M. R. Bagwell against Abilene & Southern Railway Company to recover damages for the overflow of land, resulting in permanent injury to the land, and loss of crops. The land, consisting of two tracts, was described by metes and bounds; one tract containing 134 acres, *more or less*, and the other 13 acres, *more or less*. The land was alleged to have been damaged $5 per acre. Damages for the loss of crops was alleged at $300. The total damages was alleged at $950.

The defendant answered by general demurrer, general denial, and pleaded the two and four year statutes of limitation. The jury, to whom the case was submitted upon special issues, found the defendant failed to maintain sufficient drainage ditches for the necessary drainage of the surface water along its tracks at or near the plaintiffs' property; that some part of the surface water that could have been drained by adequate drainage ditches found its way across plaintiffs' property, which caused damage to the plaintiffs' land in the sum of $325. The jury further found that the damage from the loss of crops was $100. From a judgment in accordance with the said verdict, the defendant has appealed.

■ The appellant insists in the first place that the county court was without jurisdiction of the case. We have concluded that this contention should be sustained. Plaintiffs' petition alleged damages of $5 per acre to 147 acres of land, more or less. In addition, damages were alleged for loss of crops in the sum of $300. The question is whether the amount in controversy, as shown by plaintiffs' petition, was $1,000, or less. The amount in controversy means the full amount which could be recovered under the allegations of plaintiffs' pleading. Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054. It is apparent that evidence of damages amounting to $1,035, or more, would be supported by the allegations of the petition. No controlling importance can be attached, we think, to the fact that the number of acres may have been less than 147. The important fact is that the averments of the pleading show the number of acres may have been 147, or more.

There are a few decisions which would seem to support the jurisdiction of the court in the instant case under the allegations of the petition. Cantrell v. Cawyer (Tex. Civ. App.) 162 S. W. 919; Olloqui v. Duran (Tex. Civ. App.) 60 S.W.(2d) 808; Robbins v. Winters (Tex. Civ. App.) 203 S. W. 149; Pittman & Harrison v. Boatenhamer (Tex. Civ. App.) 210 S. W. 972; Houston Oil Co. v. Davis (Tex. Civ. App.) 154 S. W. 337; Magnolia Cotton Oil Co. v. Martin (Tex. Civ. App.) 201 S. W. 190. The theory of these decisions seems to be that if plaintiffs' petition alleges an amount in controversy within the jurisdiction of the county court, and alleges facts to show another amount in controversy, which may or may not be within the jurisdiction of the court, the pleading shows jurisdiction. Under the logic of these decisions a county court has jurisdiction if there are allegations to show that it may have, and there are no allegations showing affirmatively that it has not.

■ It is a correct statement of the law, we think, to say that in any suit in a county court wherein jurisdiction is dependent upon the amount in controversy, the allegations of plaintiffs' petition, in order to show a cause of action within the jurisdiction of the court, must affirmatively allege the facts to show that the amount in controversy exceeds $200 and does not exceed $1,000. If, from a reading of the pleading, it can be seen from the allegations that the amount may be more than $1,000, the court is without jurisdiction. Campsey v. Brumley (Tex. Com. App.) 55 S.W. (2d) 810; Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224; Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; Walker Merc. Co. v. J. R. Raney Co. (Tex. Civ. App.) 154 S. W. 317; Smart v. Bank of Logansport (Tex. Civ. App.) 249 S. W. 521; Tant v. Baldwin Piano Co. (Tex. Civ. App.) 217 S. W. 239; Marshall v. G. A. Stowers Furniture Co. (Tex. Civ. App.) 167 S. W. 230; Watts v. Stewart (Tex. Civ. App.) 201 S. W. 1061; Huff v. McDonald (Tex. Civ. App.) 239 S. W. 365; Brooks v. Vera (Tex. Civ. App.) 58 S.W.(2d) 1061; Crowell v. Mickolasch (Tex. Civ. App.) 297 S. W. 234; Texas & P. R. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982; Simms Oil Co. v. Hall (Tex. Civ. App.) 281 S. W. 286; Taylor v. Buzan (Tex. Civ. App.) 241 S. W. 1084; Gulf, C. & S. F. Ry. Co. v. Hamrick (Tex. Civ. App.) 231 S. W. 166; R. S. 1925, arts. 1949, 1950; Const. art. 5, § 16.

■ The allegations of the total amount of damages to be $950, or $650 as to the land, must yield to the more specific allegations to show that the total amount was $1,035, more or less. "The matter in controversy is not the amount prayed for, nor the amount stated generally in the petition, where the items go-

ing to make up the total value or damages are specifically stated and the aggregate sum thereof differs from the amount prayed for, or stated generally." .Gulf, C. & S. F. Ry. Co. v. Hamrick, supra, and authorities cited; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

With reference to the cases above cited as supporting the jurisdiction, we think they should be regarded as overruled by the opinion in Campsey v. Brumley, supra, which was approved by the Supreme Court.

It follows that in our opinion the judgment of the court below should be reversed and remanded, which is accordingly so ordered.