## KING LUMBER CO. v. BLUE RIDGE MILL CO. (No. 3163.)*

(Court of Civil Appeals of Texas.  Texarkana. Jan. 14, 1926.)

**1. Judgment ⚖️101(2).**

Petition seeking recovery on notes and foreclosure of mortgage *held* sufficiently to allege facts essential to support default judgment.

**2. Appeal and error ⚖️843(2)—Failure of county court to render judgment for foreclosure in giving judgment on notes eliminated question of jurisdiction arising from failure to allege value of mortgaged property.**

Failure of county court to render judgment for foreclosure in a suit seeking recovery on notes, the amount of which clearly was within the jurisdiction of the county court, eliminated question of jurisdiction arising from failure of plaintiff's petition affirmatively to disclose the value of the property on which foreclosure was sought.

Error from Bowie County Court; S. I. Robison, Judge.

Action by the Blue Ridge Mill Company against the King Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

O. B. Pirkey, of New Boston, for plaintiff in error.

H. M. Barney, of Texarkana, Ark., and Rodgers & Rodgers, of Texarkana, Tex., for defendant in error.

HODGES, J. This suit was filed in the county court of Bowie county by the Blue Ridge Mill Company, a private corporation organized under the laws of the state of North Carolina, against the plaintiffs in error, Geo. W. Burrows and F. A. King, alleged to be partners doing business under the name and style of the King Lumber Company. The suit was based upon three promissory notes, each for the sum of $125, and providing for interest and attorney's fees. The petition also asked for the foreclosure of a lien on some milling machinery. The defendants were properly cited, but failed to answer, and a judgment by default was rendered on the note, with no foreclosure of the mortgage.

[1] It is insisted in this appeal that the petition was insufficient to support the judgment for the following reasons: (1) It is a suit to foreclose a mortgage on personal property, and the value of the property is not stated; (2) the petition did not allege an indebtedness or a promise to pay the debt; (3) the petition did not allege that the plaintiff was the owner of the notes; (4) the petition failed to allege that the defendants were partners at the time of the execution of the notes. The petition stated that the notes were originally made by the King Lumber Company, a partnership composed of F. A. King and Geo. W. Burrows, to the Williams Mill & Manufacturing Company of Texarkana, Ark., and that the notes were subsequently transferred to the Blue Ridge Mill Company, the defendant in error in this suit.

[2] Without going into details, we think the petition sufficiently alleges every fact essential to support a default judgment. The contention that the county court was without jurisdiction because the petition did not affirmatively disclose the value of the property upon which the plaintiff below sought to foreclose its mortgage is not tenable. The amount of the notes was clearly within the jurisdiction of the county court; and, while the petition prayed for a foreclosure of a lien on certain machinery, without disclosing the value of the machinery, no judgment of foreclosure was rendered. The proposition that in a suit of this character the petition must affirmatively state that the value of the property foreclosed on, as well as the debt, was within the jurisdiction of the county court has been variously decided by different Courts of Civil Appeals. We are inclined to follow the rule discussed and approved by Associate Justice Jenkins in Cantrell v. Cawyer et al. (Tex. Civ. App.) 162 S. W. 919. However, we think that the question of jurisdiction is eliminated because of the failure of the court to render any judgment for the foreclosure of the lien.

The judgment of the trial court is accordingly affirmed.